**Eric Lawayne JEWELL, Plaintiff–Appellant,**

v.

**Howard LEROUX, Assistant Business Manager, in his official and individual capacity, jointly and severally, et al., Defendants–Appellees.**

No. 00–2139.

United States Court of Appeals, Sixth Circuit.

Sept. 21, 2001.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.*

Eric LaWayne Jewell appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Jewell sued several Michigan correctional personnel and officials, alleging that the defendants were deliberately indifferent to his serious medical needs, improperly restricted him to his cell, improperly removed him from a prison job, and transferred him to another prison in retaliation for filing grievances. The district court concluded that Jewell had not administratively exhausted some of his claims and dismissed those claims without prejudice; the court granted summary judgment to the defendants on Jewell's remaining claims. Jewell has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Jewell's claims of deliberate indifference to his serious medical needs and improper restriction to his cell because he failed to exhaust his administrative remedies. This court reviews de novo the district court's dismissal of claims for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001).

Jewell did not exhaust his administrative remedies for these claims. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court,

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

*Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. The prisoner can not "abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000).

■ Jewell failed to fully exhaust his administrative remedies for these claims. Attached to his complaint, Jewell presented grievances which challenged certain decisions by prison personnel concerning his medical care and his restriction to his cell. However, after these grievances were denied at Step I, Jewell has not presented evidence that he appealed these denials to Step II or Step III of the Michigan correctional review process. While he also raised informal complaints in several letters to prison authorities, he must follow the formal grievance process to properly exhaust his administrative remedies. *Freeman v. Francis,* 196 F.3d 641, 644 (6th Cir.1999). Since Jewell abandoned the administrative review process prior to completion, the district court properly concluded that he had not exhausted his administrative remedies for these claims.

Additionally, we note that the district court concluded that Jewell had not exhausted his administrative remedies concerning his removal from his prison job claim and, indeed, Jewell did not present any documentation demonstrating exhaustion in the district court. However, on appeal. Jewell has submitted grievances which reflect that he fully exhausted his remedies as to this claim before filing his suit. Although it is not clear why Jewell did not present these documents to the district court, he has shown that he exhausted his administrative remedies for this claim.

■ Nonetheless, we conclude that this claim is meritless. A prisoner has no constitutional right to prison employment or a particular prison job. *Newsom v. Norris,* 888 F.2d 371, 374 (6th Cir.1989).

Jewell's claim that the defendants transferred him to another prison in retaliation for filing grievances also is without merit. After his removal from the prison job, Jewell filed numerous grievances challenging the defendants' actions. Jewell alleges that as a result of these grievances, the defendants transferred him to another prison. Indeed, the warden of the prison acknowledged that Jewell was transferred because of his numerous complaints against food service staff and the time lost by prison staff in responding to the complaints. A prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus–X v. Blatter,* 175 F.3d 378, 388 (6th Cir.1999) (en banc). A retaliation claim has three elements: 1) the prisoner engaged in protected conduct; 2) an adverse action was taken against the prisoner that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) a causal connection exists between the first two elements, i.e., the prisoner's protected conduct motivated at least in part the adverse action. *Id.* at 394.

■ Jewell's allegations do not meet these elements. While Jewell's filing of

grievances is protected conduct under the First Amendment, *see Smith v. Campbell,* 250 F.3d 1032, 1037 (6th Cir.2001); *Noble v. Schmitt,* 87 F.3d 157, 162 (6th Cir.1996), he has not set forth sufficient facts showing that he suffered an adverse action. A transfer to the general population of another prison is not considered sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment rights. Further, it is constitutionally permissible for prison officials to transfer an inmate to another prison to give prison staff a respite from his grievances. *Smith,* 250 F.3d at 1037; *Ward v. Dyke,* 58 F.3d 271, 274–75 (6th Cir.1995).

Jewell also argues that the defendants conspired together to violate his constitutional rights. A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. *Weberg v. Franks,* 229 F.3d 514, 526 (6th Cir.2000). The plaintiff must demonstrate that: 1) a single plan existed; 2) the alleged coconspirators shared in the general conspiratorial objective; and 3) an overt act was committed in furtherance of the conspiracy that caused injury to the complainant. *Id.* Since Jewell has not shown that he suffered any injury through a violation of his constitutional rights, his conspiracy claim is without merit.

Lastly, Jewell argues that the district court improperly granted summary judgment without permitting adequate time for discovery. This court reviews a district court's decision concerning discovery matters for an abuse of discretion. *Sierra Club v. Slater,* 120 F.3d 623, 638 (6th Cir.1997). A plaintiff complaining that the district court granted summary judgment without allowing adequate discovery must be able to show that he could have obtained information through discovery that would disclose material facts. *Id.* The dis-

trict court did not abuse its discretion in limiting discovery.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.