NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0193n.06
Filed: March 23, 2006

No. 05-1254

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JONNY WALLACE GUMBLE | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WATERFORD TOWNSHIP, a government | ) | |
| Municipality; WATERFORD TOWNSHIP | ) | |
| POLICE DEPARTMENT; OAKLAND | ) | ON APPEAL FROM THE UNITED |
| COUNTY, a government entity; ROBERT | ) | STATES DISTRICT COURT FOR THE |
| REYNOLDS, an indivudual and as Chief of | ) | EASTERN DISTRICT OF MICHIGAN |
| Police of Waterford Township; DONALD E. | ) | |
| BAILEY, an individual; PAUL VALLAD, an | ) | |
| individual; MICHAEL OLIVER, an | ) | |
| individual; JAMES HALUSHKA, an | ) | |
| individual; DONNA PENDERGAST, an | ) | |
| individual, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: GIBBONS, COOK, and BRIGHT, Circuit Judges.[*]

COOK, Circuit Judge. Plaintiff Jonny Wallace Gumble sued a number of governmental entities and individuals, alleging, among other things, that the defendants unlawfully arrested and prosecuted him. After the district court dismissed some of the defendants, Gumble moved for relief from the court's order under Fed. R. Civ. P. 60(b). The district court denied Gumble's motion and

---

[*]The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

then granted the remaining defendants' motion for summary judgment. Gumble appeals the denial

of his 60(b) motion and the district court's summary judgment decision. We affirm.

I

In May 1986, Gumble called the Defendant Waterford Police Department, explaining that

two armed men had just attempted to rob his home and that he, in attempting to ward off the

burglars, accidentally shot his roommate Lee Garretson. Two Waterford officers, Defendants Vallad

and Bailey, questioned Gumble at his home. Gumble explained that Jerry Mayberry and Billy

Beaumont, armed with "long guns," had broken into his house, and that he recognized the men

despite their "Porky Pig-type masks." Upon seeing the intruders, Gumble ran into his room, grabbed

his gun, and fired a warning shot. He told the officers that when his bedroom door opened, he fired

toward the door, but that he must have hit Garretson instead of the robbers, who then fled the scene.

Gumble accompanied the officers to the police station and, after further questioning, the officers

arrested him on charges of voluntary manslaughter and possession of a firearm during a felony.

After a preliminary hearing, the charge against Gumble was increased from voluntary

manslaughter to first-degree murder. Defendant Halushka prosecuted Gumble at trial. A jury

convicted Gumble of second-degree murder, but the Michigan Court of Appeals reversed and

remanded for a new trial. The second trial, prosecuted by Defendant Pendergast, resulted in a

mistrial. At the third trial, with Pendergast again at the prosecutorial helm, Gumble was convicted

of voluntary manslaughter. The court of appeals again reversed and remanded, and Pendergast dropped the charges against Gumble.

Gumble brought both federal and state-law claims against Oakland County and the two Oakland County prosecutors, alleging that they withheld exculpatory evidence and knowingly allowed false testimony. In addition, Gumble sued the Waterford Defendants: (1) Vallad and Bailey, the arresting officers; (2) Officer Oliver, who testified at Gumble's trials; (3) Robert Reynolds, the Waterford Police Chief; (4) the Waterford Police Department; and (5) the Waterford Township.

The Waterford Defendants filed a motion to dismiss. After Gumble failed to respond within the required twenty-one days, the district court granted the Waterford Defendants' motion. Gumble moved for relief from the dismissal order under Fed. R. Civ. P. 60(b), claiming (1) mistake or excusable neglect; (2) fraud, misrepresentation, or misconduct; and (3) other equitable grounds for relief. The court denied the bulk of the motion.

The Oakland Defendants moved for summary judgment, and the district court granted the motion as to the federal claims, finding that absolute immunity shielded the prosecutors and that Gumble presented no evidence of a requisite county policy or custom. The court declined to exercise supplemental jurisdiction over the state-law claims.

Gumble appeals the district court's denial of his Rule 60(b) motion as well as the court's grant of summary judgment to the Oakland Defendants.

No. 05-1254
*Gumble v. Waterford Township*


II


A.  The Waterford Defendants


The court reviews the denial of a Rule 60(b) motion for an abuse of discretion. *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 760 (6th Cir. 2005). A district court abuses its discretion where the reviewing court is left with "a definite and firm conviction that the trial court committed a clear error of judgment." *Id.* (citation omitted). "Relief under Rule 60(b), moreover, is circumscribed by public policy favoring finality of judgments and termination of litigation." *Id.* (quotation omitted). Where a party seeks relief under Rule 60(b)(6), the district court's discretion "is especially broad given the underlying equitable principles involved." *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quotation omitted).


1.  Excusable Neglect


Gumble first argues that the district court abused its discretion by not attributing to excusable neglect his failure to respond to the motion to dismiss. *See* Fed. R. Civ. P. 60(b)(1) (permitting relief from judgment for mistake, inadvertence, surprise, or excusable neglect).

> [I]n determining whether a party should be granted a reprieve [for excusable neglect], a court should consider 'all relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to [other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'

*Spitzer Great Lakes Ltd. v. EPA*, 173 F.3d 412, 416-17 (6th Cir. 1999) (quoting *Pioneer Inv. Servs.*

*Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)) (second alteration in original).  The court

considers three factors in determining whether relief is appropriate: (1) culpability—that is, whether

the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds

a meritorious underlying claim or defense.  *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003).

A party seeking relief must first demonstrate a lack of culpability before the court examines the

remaining two factors.  *Id.*

Gumble contends that he expected the district court to treat the Waterford Defendants'

motion for summary judgment as a motion to dismiss because the Waterford Defendants appended

documents to their motion.  But local court rules dictated an identical response deadline for either

type of motion.  *See* E.D. Mich. R. 7.1(d)(1)(B) (providing that the response to a motion to dismiss

or a summary judgment motion is due twenty-one days after the motion is filed).  Thus Gumble fails

to explain how the district court's declining to convert the motion excuses his failure to respond.

Gumble also argues that he expected a hearing on the matter because the Waterford

Defendants served a "Notice of Hearing" with their motion, stating that the motion to dismiss would

be "brought on for hearing on a date and time set by the Court, and of which the Court [would]

notify [Gumble]."  But a hearing would not have affected the deadline for Gumble's response.

Gumble has not identified any plausible basis for his supposition that he acquired an extension of

time in which to respond to the Waterford Defendants' motion.

In addition, other factors support the district court's decision to deny the motion. Gumble filed his Rule 60(b) motion a month after the district court issued its opinion, and the filing of a response to the motion to dismiss was completely in Gumble's (or his attorney's) control. Also, Gumble has not shown that he has a meritorious underlying claim. Although Gumble points out that, had the district court granted the Rule 60(b) motion, the prejudice to the Waterford Defendants might have been slight, a lack of significant prejudice does not by itself operate to excuse Gumble's neglect. We conclude that the district court did not abuse its discretion in categorizing Gumble's neglect as outside the excusable category. *Cf. Cacevic v. City of Hazel Park*, 226 F.3d 483, 490-91 (6th Cir. 2000) (finding no abuse of discretion in denial of 60(b) motion where plaintiffs contended that their failure to timely respond to a summary judgment motion was due to an agreement with defendants extending the allowed response time); *Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1984) (agreeing with district court that "[t]he failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect").

## 2. Mistake

Gumble next contends that the district court should have granted his motion under the "mistake" provision of Rule 60(b)(1). The parties agree that this subsection permits relief from judgments based on errors of law, but Gumble has not pointed to any legal error committed by the district court.

### a. *Failure to Convert the Motion to Dismiss*

Gumble first suggests that the district court erred by failing to consider the Waterford Defendants' motion to dismiss as one for summary judgment. He argues that "Defendants' brief contained numerous statements of claimed facts . . . that were outside the pleadings and were unsupported by affidavit, and also attached exhibits that were outside the pleadings." But the attachments to which Gumble refers were referenced in the complaint and were public records—specifically, Michigan state court opinions. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (noting that a court may consider exhibits to a motion to dismiss where the exhibits are "referred to in the plaintiff's complaint" or are public records), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 n.2, 515 (2002). The additional "facts" to which Gumble points are extracted from these exhibits or from the complaint, and in any event were not necessary for the Waterford Defendants' dismissal. Thus the district court did not err in declining to convert the motion to dismiss to a summary judgment motion.

### b. *False Arrest/False Imprisonment/Malicious Prosecution Claims*

Gumble also argues that the district court erred in dismissing his false imprisonment, false arrest, and malicious prosecution claims brought under 42 U.S.C. § 1983 and Michigan law. In dismissing, the court relied on the Waterford Defendants' probable cause to arrest Gumble, concluding that the existence of probable cause precluded these claims. *See Stemler v. City of Florence*, 126 F.3d 856, 871-72 (6th Cir. 1997) (finding that the existence of probable cause for arrest forecloses false arrest and malicious prosecution claims); *Mark v. Furay*, 769 F.2d 1266, 1269

(7th Cir.1985) ("[T]he existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting the plaintiff."); *Hansel v. Bisard*, 30 F. Supp. 2d 981, 985-86, 990 (E.D. Mich. 1998).

Gumble alleged in his complaint that he told the officers that he mistakenly shot and killed Garretson. The district court concluded that these statements to the officers created probable cause to arrest him under Michigan law for voluntary manslaughter. Gumble seems to argue that his assertion that armed robbers were in his house (presumably a claim of self-defense) eliminated any probable cause to arrest him. The Second Circuit has held that "[d]efenses which negate the existence of a crime should similarly negate probable cause." *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003). But Gumble's protestations of self-defense did not suffice to eliminate probable cause in this case because, as the Second Circuit put it, "[o]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (quotation omitted) (alteration original). The district court did not abuse its discretion in denying Gumble's motion for relief from judgment based on this claimed "mistake."

c. *Conspiracy/Failure to Train*

The district court did not err in dismissing Gumble's remaining claims. Because, as discussed above, Gumble alleged no viable constitutional injury, he cannot maintain a conspiracy claim. *See Jewell v. Leroux*, 20 Fed. Appx. 375, 378 (6th Cir. 2001); *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Likewise, Gumble's failure-to-train claims against alleged policymakers Police Chief Reynolds and Waterford Township fail in the absence of a showing that his constitutional rights were violated. *See May v. Franklin County Comm'rs*, 437 F.3d 579, 586 (6th Cir. 2006) (holding that there can be no § 1983 liability for failure to train where the individual defendants did not violate plaintiff's constitutional rights).

### 3. Fraud and Misrepresentation

Gumble contends that the Waterford Defendants' notice of hearing, sent to Gumble with their motion to dismiss, constitutes fraud or misrepresentation because it notified that there would be a "hearing on a date and time set by the Court." A litigant cannot bind the court, of course, and a reasonable party could not expect that the indefinite hearing notice accompanying the Waterford Defendants' motion to dismiss foreclosed the district court from exercising its discretion to rule without an oral hearing. In any event, the notice did not injure Gumble because the supposed expectation of a hearing did not affect the deadline for Gumble's response. The court did not abuse its discretion in denying Gumble's motion for relief based on fraud or misrepresentation.

### 4. Any Other Reason

Gumble also seeks relief under the equitable provision of Rule 60(b)(6). He suggests that the district court abused its discretion in not allowing him to have a decision on the merits of his case. But the court's dismissal of Gumble's claims *was* a decision on the merits, and the district court did not abuse its "especially broad" discretion. *See Johnson*, 357 F.3d at 543.

## B. The Oakland Defendants

Although Gumble's Notice of Appeal addressed the district court's order granting summary judgment to the Oakland Defendants, and the Oakland Defendants have provided a brief to this court, Gumble's appellate brief challenges only the denial of his 60(b) motion for relief from the dismissal of the Waterford Defendants. In the absence of any argument, we decline to address the summary judgment granted in favor of the Oakland Defendants.

## III

Because the district court did not abuse its discretion in denying Gumble's Rule 60(b) motion for relief from judgment, and because Gumble does not challenge the judgment in favor of the Oakland Defendants, we affirm.