[No. 13282-0-III.    Division Three.    March 28, 1995.]

*In the Matter of Marriage of* MICHAEL LEE GILLESPIE, *Respondent, and* ELAINE FAY GILLESPIE, *Appellant.*

*David P. Hazel,* for appellant.

*David A. Elofson,* for respondent.

SWEENEY, J. — Elaine Fay Gillespie filed a petition to modify the child support which her ex-husband, Michael Lee Gillespie, was required to pay for their child, Eric. The court concluded it lacked the authority to require Mr. Gillespie to pay support beyond Eric's 18th birthday because Eric had turned 18 prior to the time the petition was filed. On appeal, Ms. Gillespie contends (1) the court erred in ruling it did not have jurisdiction because Eric was still in high school and dependent on her for support; and (2) if RCW 26.09.170 does in fact deprive the court of jurisdiction to extend support, the statute is an unconstitutional denial of the equal protection of law. Mr. and Ms. Gillespie both request attorney fees. We affirm.

## FACTS AND PROCEDURAL POSTURE

On September 7, 1979, the Gillespie marriage was dissolved. Ms. Gillespie was awarded custody of their son, Eric. The decree ordered Mr. Gillespie to pay "$250.00 per month for support of the minor child" to "continue *until said minor child shall reach the age of eighteen (18) years, shall marry, shall become self-supporting or shall no longer be dependent upon the wife . . .".* (Italics ours.) Eric turned 18 on October 2, 1992. At that time, he was still attending high school and was still dependent on Ms. Gillespie for support.

On December 11, 1992, Ms. Gillespie filed a summons and petition for modification of child support alleging that, since entry of the decree, there had been a substantial change in circumstances — Eric was 18, but still attending high school and still dependent. In addition to other relief, she requested that support be extended beyond Eric's 18th birthday. Mr. Gillespie answered, alleging that the court lacked authority to extend his support obligation beyond Eric's 18th birthday

because the clear language in the decree terminated support when Eric turned 18.

On February 3, 1993, a court commissioner heard the matter and granted the petition after determining that Ms. Gillespie's petition had been filed before the support obligation terminated. On a motion for reconsideration, the commissioner reversed her ruling, relying on *In re Marriage of Main*, 38 Wn. App. 351, 684 P.2d 1381 (1984). Ms. Gillespie moved for revision of the commissioner's ruling. The court denied her motion, concluding that the modification petition was untimely, in that it had been filed after Eric's 18th birthday. The court also denied Mr. Gillespie's request for attorney fees. Ms. Gillespie appeals.

### DISCUSSION

The dispositive issue here is whether the court's authority to modify the decree continued beyond Eric's 18th birthday, despite language in the decree terminating the support obligation at 18. We conclude it does not.

### Interpretation of Statute

Ms. Gillespie maintains that the court commissioner's reliance on *Main* is misplaced because *Main* was decided in 1984, before the statute it interprets (RCW 26.09.170) was amended. The amendment, she contends, specifically authorizes the court to extend support while an otherwise emancipated child is still in high school. RCW 26.09.170(4)(c). *Main*, she notes, refers to *modification* of a decree whereas RCW 26.09.170(4)(c) uses the word *extend*:

> (4) An order of child support may be modified one year or more after it has been entered without showing a substantial change of circumstances:
>
> . . . .
>
> (c) If a child is still in high school, upon a finding that there is a need to *extend* support beyond the eighteenth birthday to complete high school;

(Italics ours.)

■■ Our purpose in interpreting a statute is to give effect to the intent of the Legislature. *Kadoranian v. Bellingham Police Dep't*, 119 Wn.2d 178, 185, 829 P.2d 1061 (1992).

The language of this statute suggests, and its legislative history confirms, an intention not to extend jurisdiction in the face of a decree unequivocally terminating a support obligation as of an 18th birthday. The purpose of the statute was rather to eliminate the necessity of establishing a substantial change in circumstances for certain enumerated modification requests.

RCW 26.09.170(1)(a) provides that: "Except as otherwise provided . . . the provisions of any decree respecting maintenance or support may be modified . . . *[o]nly as to installments accruing subsequent to the petition for modification* . . .". (Italics ours.) Here, all installments had been made prior to the petition for modification. RCW 26.09.170(3) provides that "[u]nless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child . . .". As used in the statute, emancipation occurs when the child reaches the age of majority or is emancipated in fact, whichever occurs first. *In re Marriage of Nielsen*, 52 Wn. App. 56, 59, 757 P.2d 537, *review denied*, 111 Wn.2d 1023 (1988).

Reports to both the House and Senate judiciary committees confirm that the purpose of the amendment which ultimately became subsection (4) of RCW 26.09.170 was to eliminate the threshold showing of a "substantial change in circumstances"[1] required by RCW 26.09.170(1). House Comm. on Judiciary, HB 413, 50th Legislature (1987); Senate Comm. on Judiciary, SHB 413, 50th Legislature (1987).

A support obligation may continue beyond a child's majority if the decree provides that support is to continue until the child is no longer dependent. *Childers v. Childers*, 89 Wn.2d

---

[1]The summary prepared for both the House and Senate Committees on Judiciary explained the purpose of the amendment (RCW 26.09.170(4)(c)), which was part of SHB 413, as follows:

> The superior court, under certain limited circumstances, may modify a child support order even though there has not been a substantial change of circumstances. [With the amendment, a] party may request a modification of child support without showing a substantial change of circumstances if . . . the child is in high school and will turn 18 before completing high school . . ..

Final Bill Report, SHB 413, at 1 (1987).

592, 597 n.1, 575 P.2d 201 (1978). The Gillespies' decree, however, did not so provide. Their decree is similar to the one in *Main* which provided that child support would continue " 'until said children are no longer dependent, are emancipated, or until further order of this court.' " *Main*, at 351. In *Main*, the mother's modification petition to continue support so long as the child remained dependent was brought after the child had reached 18. Relying on RCW 26.09.170, the court held the decree did not expressly provide for support beyond emancipation, but instead, had listed three conditions or events, in the disjunctive, any one of which would have terminated support. The use of the word "dependency" did not mandate that the child support obligation continue until the child is no longer dependent. *Main*, at 352-53 (citing *Childers v. Childers, supra*).

The Gillespies' decree obligated Mr. Gillespie to pay $250 per month, to "continue until said minor child shall reach the age of eighteen (18) years, shall marry, shall become self-supporting or shall no longer be dependent upon the wife . . .". These conditions are, like those in the *Main* decree, in the disjunctive. Therefore, as in *Main*, the occurrence of any one of the events terminates Mr. Gillespie's support obligation. When Eric turned 18, the support obligation ended.

Division One of this court recently addressed a related issue in *In re Marriage of Major*, 71 Wn. App. 531, 859 P.2d 1262 (1993). There, the decree obligated the husband to pay support until " 'June of [the child's] eighteenth year, provided [the child] remains in school beyond his eighteenth birthday.' " *Major*, at 532. The child turned 18 in December of 1990 and graduated from high school in June of 1991. In January 1992, the mother brought a modification proceeding requesting support for the child's postsecondary education. Relying on RCW 26.09.170(3), the court reiterated the rule that "[p]rovisions for the support of a child are terminated 'by emancipation of the child' '[u]nless otherwise agreed in writing or expressly provided in the decree'." *Major*, at 534.

The court therefore lost authority to modify the decree of dissolution when Eric turned 18, satisfying one of the conditions in the decree.

## Equal Protection of Law

Ms. Gillespie next argues that the application of RCW 26.09.170 effectively denies her and Eric the equal protection of law guaranteed by article 1, section 12 of our state constitution and the fourteenth amendment to the United States Constitution.[2] She argues that blind adherence to RCW 26.09.170(3) denies equal protection to those parents who do not petition for modification of the support decree before their children turn 18. She contends there is no rational basis for this distinction. *Griffin v. Department of Social & Health Servs.*, 91 Wn.2d 616, 590 P.2d 816 (1979). Her argument is not persuasive.

The fourteenth amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws". Equal protection of the laws, however, does not require that all persons be treated identically, "but it does require that a distinction made have some relevance to the purpose for which the classification is made'." *In re Young*, 122 Wn.2d 1, 45, 857 P.2d 989 (1993) (quoting *Baxstrom v. Herold*, 383 U.S. 107, 111, 15 L. Ed. 2d 620, 86 S. Ct. 760 (1966)).

No suspect classification or fundamental rights are involved here. *See Childers*, at 604 (no fundamental state right not to provide support for one's children past age 18). If the statutory classification is not suspect or does not involve a fundamental right, the classification will be upheld if it is rationally related to some legitimate government interest. *Childers*, at 604. Classifications made by the Legislature may not be " 'manifestly arbitrary, unreasonable, inequitable, and unjust' ". *Johnson v. Tradewell Stores, Inc.*, 95 Wn.2d 739, 744, 630 P.2d 441 (1981) (quoting *State ex rel.*

---

[2]Ms. Gillespie has not briefed state constitutional grounds independently of federal constitutional grounds and we therefore do not reach that issue. *Foley v. Department of Fisheries*, 119 Wn.2d 783, 794, 837 P.2d 14 (1992).

*O'Brien v. Towne*, 64 Wn.2d 581, 583, 392 P.2d 818 (1964)). Reasonable grounds must exist, however, for making a distinction between those included in or excluded from the class. *Johnson*, at 744. The Legislature has a wide range of discretion in defining classifications and its enactments are presumed valid. *Moran v. State*, 88 Wn.2d 867, 874, 568 P.2d 758 (1977); *O'Connell v. Conte*, 76 Wn.2d 280, 283, 456 P.2d 317 (1969). The burden is therefore on the person challenging the legislation to demonstrate that the classification is arbitrary. *Moran*, at 874. We conclude that it is not arbitrary, unreasonable, inequitable or unjust to provide a date certain for ending the ability of one parent to petition the court to require continued support for an adult child.

In a different context, Ms. Gillespie's argument would mean that a party's constitutional right to equal protection might be violated if the statute of limitation barred an action because a party was not sophisticated enough to know the action would be barred if not brought timely. RCW 26.09.170 provides a reasonable timeframe for seeking modification of a child support obligation. The statute does not, therefore, deny the equal protection of laws.

### ATTORNEY FEES

Finally, both parties have petitioned for attorney fees on appeal: Mr. Gillespie because he contends the appeal is frivolous (RAP 18.9(a)), and Ms. Gillespie based on financial need (RCW 26.09.140). We deny both requests.

First, regarding Mr. Gillespie's claim, "[a]n appeal is 'frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.'" *Kendall v. Douglas, Grant, Lincoln, & Okanogan Cys. Pub. Hosp. Dist. 6*, 118 Wn.2d 1, 15, 820 P.2d 497 (1991) (quoting *Millers Cas. Ins. Co. v. Briggs*, 100 Wn.2d 9, 15, 665 P.2d 887 (1983)). All doubts as to whether an appeal is frivolous should be resolved in favor of the appellant. *Massachusetts Mut. Life Ins. Co. v. Department of Labor & Indus.*, 51 Wn. App. 159, 166, 752 P.2d 381 (1988). An appeal is not frivolous merely because the arguments are rejected. *Streater v. White*, 26 Wn.

App. 430, 434-35, 613 P.2d 187, *review denied*, 94 Wn.2d 1014 (1980). Ms. Gillespie's proposed construction of the statutory scheme was not unreasonable. While the construction was one with which we disagree, her argument was not frivolous. Mr. Gillespie's request for attorney fees at trial is likewise denied.

■ Next, regarding Ms. Gillespie's request, pursuant to RCW 26.09.140 this court "may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorney's fees . . .". Ms. Gillespie, however, must show her financial need and Mr. Gillespie's ability to pay. *In re Marriage of Oblizalo*, 54 Wn. App. 800, 806, 776 P.2d 166 (1989). RAP 18.1(c) requires that she file a financial affidavit no later than 10 days prior to the time set for oral argument. No affidavit was filed here. Ms. Gillespie's request for attorney fees at trial and on appeal is denied.

The judgment of the trial court is affirmed.

THOMPSON, C.J., and MUNSON, J., concur.