# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| PERRY DALE SIPE, | No. 48499-4-II |
| Appellant, | |
| v. | |
| MELISSA LYNN SIPE, | UNPUBLISHED OPINION |
| Respondent, | |

WORSWICK, P.J. — Perry Sipe appeals the superior court's dismissal of his petition for postsecondary support. He argues that the superior court erred by ruling that the petition for postsecondary support was untimely because it was filed after the Sipes' daughter turned 18, as required by the child support order. Perry[1] argues that the petition for postsecondary support was timely filed because child support continued until the child graduated high school. We disagree and affirm.

---

[1] Because both parties have the same last name, we refer to the parties by their first names. No disrespect is intended.

No. 48499-4-II

FACTS

Perry and Melissa divorced in 2013. As part of the dissolution proceedings, the superior court entered an order of child support for their two minor children. The order addressed the termination of child support and conditional postsecondary educational support as follows:

**3.13 TERMINATION OF SUPPORT.**

Support shall be paid until each child reaches age 18 or graduates from high school, whichever is later, but not after age 19, except as otherwise provided below in Paragraph 3.14.

**3.14 POST SECONDARY EDUCATIONAL SUPPORT.**

The right to petition for post-secondary educational support is reserved so long as the right is exercised prior to the child turning age 18.

Clerk's Papers at 151.

On May 5, 2015, Perry filed a petition for postsecondary educational support for the Sipes' eldest daughter, S.S. S.S. was 18 at the time but had not yet graduated high school.

The superior court dismissed Perry's petition for postsecondary support as untimely because it was filed after S.S. had turned 18. Perry appeals dismissal of his petition.

ANALYSIS

I.    PETITION FOR POSTSECONDARY SUPPORT

Perry argues that because section 3.13 of the order for child support extended child support until the child reached 18 or graduated high school, whichever was later, and the petition for postsecondary support was filed before S.S. graduated high school, the petition was timely filed. We disagree.

2

Interpreting a parenting plan or a child support order is a question of law that we review de novo. *In re Marriage of Cota*, 177 Wn. App. 527, 534, 312 P.3d 695 (2013). "In determining whether the child support order authorizes an award of postsecondary educational support, we look to whether 'the support-paying parent has notice that the support obligation will extend past the age of majority.'" *Cota*, 177 Wn. App. at 534 (quoting *Rains v. Dep't of Soc. & Health Servs.*, 98 Wn. App. 127, 137, 989 P.2d 558 (1999)). Where the terms of a dissolution decree clearly state that support terminates upon the occurrence of specific events, the superior court lacks authority to consider a postsecondary educational support award after the occurrence of those events. *Cota*, 177 Wn. App. at 534.

Here, paragraph 3.13 of the child support order required Melissa to pay child support until S.S. graduated from high school. Perry argues that because *child support* had not terminated prior to his petition for postsecondary support, his petition was not untimely. In effect, Perry is arguing that paragraph 3.13 essentially nullifies paragraph 3.14 which expressly states that a petition for postsecondary support must be exercised prior to the child reaching the age of 18.

Perry relies exclusively on our opinion in *Cota*, 177 Wn. App at 527. However, *Cota* is factually distinguishable.

In *Cota*, the order of child support expressly provided for postsecondary support and required the parties to pay their shares of any postsecondary expenses. *Cota*, 177 Wn. App. at 535. There, we held that because the order expressly provided that the postsecondary support obligation would *not* terminate when the child turned 18, the petition for postsecondary support

was timely. *Cota*, 177 Wn. App. at 535. In contrast, the order of child support here expressly *terminated* the potential for postsecondary support at the age of 18.

The order of child support at issue was explicit as to when a petition for postsecondary support must be filed. Because paragraph 3.14 expressly provided that a petition for postsecondary support must be filed prior to the child turning 18, the superior court had no authority to award postsecondary support because the petition was filed after S.S. had turned 18. Paragraph 3.13 did not create an exception for Perry to file the petition for postsecondary support after S.S. turned 18.

Consequently, we hold that the superior court did not err by dismissing the petition for postsecondary support as untimely.

## II. ATTORNEY FEES

Melissa requests attorney fees under RAP 18.9, arguing that Perry's appeal was frivolous. We agree.

"An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hearings Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). An appeal is not frivolous where the appellant raises even one debatable issue. *Advocates*, 170 Wn.2d at 580.

No. 48499-4-II

Here, Perry's appeal presented no debatable issues upon which reasonable minds might differ. Because Perry's appeal was frivolous, we grant Melissa's request for attorney fees and costs in an amount to be determined by the commissioner of this court pursuant to RAP 18.1(d).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Johanson, J.

_____
Sutton, J.