IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 34978-1-III |
| | ) | |
| GAYNOR KOONTZ, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| DARON KOONTZ, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Daron Koontz appeals the superior court's decision to grant postsecondary educational support for his daughter, Elari. We affirm the educational support decision but remand for corrections to the order of child support and clarification of Mr. Koontz's responsibility to pay for a portion of Elari's tuition, books, and fees.

FACTS[1]

In May 2015, Gaynor Fitzgerald petitioned for postsecondary educational child support for her daughter Elari.[2] Ms. Fitzgerald's petition alleged Elari was in need of postsecondary educational support because she is dependent and relies on her parents for the reasonable necessities of life. At the time of the petition, Elari had been accepted to the University of Washington at Tacoma where she would enroll as a junior as she had almost completed her associate's degree through the Running Start program. In a declaration in support of the petition, Ms. Fitzgerald averred that Elari would be living at home while attending college.

Mr. Koontz opposed modification. In his responsive declaration, Mr. Koontz contended that: (1) Ms. Fitzgerald was in a much better financial position to provide for postsecondary educational expenses as she received the proceeds from the sale of the family home, (2) in August 2014, he moved to Florida and resided on a boat for which he

---

[1] Gaynor Koontz is now known as Gaynor Fitzgerald and is referred to as such throughout the opinion. Ms. Fitzgerald claims Mr. Koontz has "misled" the court by providing inaccurate factual statements. Resp't's Br. at 16-21. Mr. Koontz counters that Ms. Fitzgerald has cited to facts not in the record. Reply Br. of Appellant at 3, 7-8. All facts recited in this decision are supported by the record. We have not considered any fact outside the record on appeal.

[2] Ms. Fitzgerald also petitioned the superior court to extend child support to Elari's twin sister beyond her eighteenth birthday. That issue is not a part of this appeal.

was making payments, (3) he was earning $22 per hour as an air conditioner repairman, and (4) his current wife had sold their home in Washington in preparation for her move to Florida after her retirement. Mr. Koontz submitted a financial declaration indicating his monthly net income was $3,200. He also indicated his wife's gross monthly income would be $4,770 until her retirement in August 2015, when it would be $0.

At a hearing on July 16, 2015, the superior court commissioner continued the matter as both Ms. Fitzgerald and Mr. Koontz had failed to file updated financial documentation. At a hearing on August 13, the commissioner set Mr. Koontz's monthly income at $3,813.33 and Ms. Fitzgerald's at $1,540.00. In response to the commissioner's order to submit information regarding Elari's enrollment costs, Ms. Fitzgerald filed a tuition charge statement from the university. That statement showed tuition per quarter was $3,969, with Elari receiving $6,801 in financial aid disbursements for the 2015 autumn quarter.

In December 2015, the commissioner granted Ms. Fitzgerald's petition. Assessing the factors outlined in RCW 26.19.090, the commissioner concluded an award of postsecondary educational support was appropriate because "Elari is of appropriate age, she has the need for financial assistance from her parents, and the child has the desire[,] aptitude and abilities to successfully complete a post-secondary program." Clerk's Papers

3

(CP) at 80. The commissioner calculated Mr. Koontz's support obligation at $697 per month for Elari. However, the court deviated that amount downward by one-third as it determined Elari had the obligation to provide some self-support. As such, the court set the final amount of Mr. Koontz's support obligation for Elari at $460 per month so long as Elari was "enrolled in college and living at home." *Id.* Regarding postsecondary costs, the commissioner concluded "the total cost of tuition, books, and fees should be divided by the parties such that Elari is responsible for [one-third] of the obligation, and the remaining [two-thirds] is divided such that Koontz pays 66 [percent] and Fitzgerald pays 34 [percent]." *Id.*

The commissioner's decision was revised slightly on reconsideration. During this process, Ms. Fitzgerald provided documentation confirming that Elari had been awarded $16,336 in grants and $4,109 in loans for the 2015-16 school year. Mr. Koontz now appeals

## ANALYSIS

*Postsecondary educational support*

Mr. Koontz challenges the superior court's discretionary decision to order postsecondary educational support. Pursuant to statute, the first step in awarding postsecondary support involves finding the child is dependent and "relying upon the

parents for the reasonable necessities of life." RCW 26.19.090(2). Once this is satisfied, the court then considers the following nonexhaustive list of factors: "[a]ge of the child; the child's needs; the expectations of the parties for their children when the parents were together; the child's prospects, desires, aptitudes, abilities or disabilities; the nature of the postsecondary education sought; and the parents' level of education, standard of living, and current and future resources." *Id.* The court should also consider the amount and type of support the child would have been given had the parents stayed together. *Id.* As long as the court considers all the relevant factors set forth in RCW 26.19.090, it does not abuse its discretion. *In re Marriage of Kelly*, 85 Wn. App. 785, 792-93, 934 P.2d 1218 (1997).

The record supports the superior court's determination that Elari is dependent and reliant on her parents for the reasonable necessities of life. The evidence established that Elari resides with Ms. Fitzgerald and would continue to do so while attending college. Further, the court knew Elari was a recent high school graduate enrolled in a full-time college program. There was no evidence that Elari had or was capable of earning an income sufficient to meet her reasonable necessities of life, especially as Ms. Fitzgerald declared she paid for all of Elari's necessities. *See In re Marriage of Cota*, 177 Wn. App. 527, 538, 312 P.3d 695 (2013) (finding similar evidence was sufficient for a court to

reasonably find a child dependent under RCW 26.19.090(2)).

Mr. Koontz next argues the superior court did not, and could not, properly consider the various statutory factors. The record shows otherwise. The court had evidence of Elari's education expenses and awards along with information pertaining to the recent earnings of both parents. The court was also advised that Mr. Koontz and Ms. Fitzgerald had contributed to the postsecondary education of an older child. While the court was unsure of the parents' education levels and expectations as to Elari's education, this lack of information does not negate the support determination. *See In re Parentage of Goude*, 152 Wn. App. 784, 791, 219 P.3d 717 (2009) (court does not abuse its discretion if it considers all factors in RCW 26.19.090(2)).

Regarding his financial resources, Mr. Koontz claims the postsecondary educational support obligation creates an undue financial hardship. Although the superior court appears to have misstated the nature of the income of Mr. Koontz's current wife, Mr. Koontz has not demonstrated the kind of extreme hardship that would amount to an abuse of discretion. *In re Marriage of Shellenberger*, 80 Wn. App. 71, 84, 906 P.2d 968 (1995) (forced bankruptcy or sale of home); *see also Cota*, 177 Wn. App. at 538-39 (no abuse of discretion simply because expenses exceed income). We note the superior court's income misunderstanding had no impact on the child support worksheets and did

6

not result in a miscalculation of Mr. Koontz's support obligation.

Given the totality of the circumstances before the court, there was no abuse of discretion in ordering postsecondary support.

*Educational expense obligations*

Mr. Koontz claims that even if a postsecondary support order is justified, the specific order adopted by the court requires correction. His concerns have merit. The superior court determined that Elari should cover one-third of the cost of her postsecondary educational expenses for tuition, books, and fees. The remaining two-thirds are left for Mr. Koontz (at 66 percent) and Ms. Fitzgerald (at 34 percent). Theoretically, the distribution scheme adopted by the court is appropriate. It reflects the same analysis employed to calculate Mr. Koontz's support obligation. However, because many of Elari's educational expenses are covered by financial aid,[3] implementation of the court's order is unclear. The court's order fails to take into account circumstances where Elari's expenses are reduced or eliminated by the receipt of grants and scholarships. Presumably, Mr. Koontz should not be expected to pay for educational expenses that are already covered at no cost to Elari or her mother. Remand is required for the court to

---

[3] For the 2015-16 school year, Elari's grants and scholarships covered all of her tuition costs and left approximately $4,400 for books and fees.

7

provide appropriate instructions.

*Errors in the order of child support*

Apart from his substantive arguments, Mr. Koontz notes several errors in the court's order of child support. We agree that portions of the order require correction. Specifically:

- The transfer payment provision at paragraph 3.5 should be corrected to reflect Mr. Koontz's proportional share of the support obligation.

- The standard calculation provision at paragraph 3.6 should be corrected so that it consistent with line 17 of the child support worksheet.

- As noted above, provision 3.15 is ambiguous and must be corrected to explain how Mr. Koontz's support obligations are impacted by Elari's receipt of scholarships and grants.

We disagree, however, with Mr. Koontz's claim that the support order needed to expressly recite the termination language set forth at RCW 26.19.090. The statute's authority is self-executing as it provides support shall be "automatically suspended" if a child fails to comply with the conditions. *Kelly*, 85 Wn. App. at 796-97. It was within the superior court's discretion to enter an order omitting this language.

8

No. 34978-1-III
*In re Marriage of Koontz*

## CONCLUSION

We affirm the superior court's decision to award postsecondary educational support but remand for clarification and/or correction of the errors noted above. Each side shall bear its own costs and fees on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____     _____
Fearing, C.J.                              Siddoway, J.

9