[No. 41801.   En Banc.   September 16, 1971.]

JAMES L. O'KEEFE, *Appellant*, v. THE STATE DEPARTMENT OF REVENUE *et al.*, *Respondents*.

*Jerome L. Buzzard,* for appellant.

*Slade Gorton, Attorney General, Henry W. Wager* and *Timothy R. Malone, Assistants,* for respondents.

FINLEY, J.—The instant action involves a suit by the public administrator of Cook County, Illinois, to recover $7,438.44, which the respondent, State of Washington, has attempted to escheat as abandoned property under the provisions of RCW 63.28.280. Appellant is the administrator of the estate of John Adomaitis, who died a resident of Cook County, Illinois, intestate and without heirs, leaving the above-indicated sum of money on deposit at the Seattle-First National Bank in Seattle, Washington.

Respondent State of Washington claims jurisdiction under RCW 11.08.140, which provides, in part:

> [W]henever any person dies, whether a resident of this state or not, leaving property subject to the jurisdiction of this state and without being survived by any person entitled to the same under the laws of this state, such property shall be designated escheat property . . .

The problem in this appeal, simply stated, is to determine the meaning to be attributed to the word "jurisdiction" in the phrase "leaving property subject to the *jurisdiction* of this state," as first enacted by the legislature in chapter 254, Laws of 1955, and reenacted in 1965 as a part of RCW 11.08.140 (cited above)—the new probate code of Washington.

"Weasel words of the law" is an epithet of sorts coined perhaps by a sometime legal philosopher with a naturalist bent. It appears from time to time in comment critical of legislative draftsmen or perhaps more often critical of judicial decision makers for attributing or distilling distinct and different nuances, meanings, and results from the same word on slightly different occasions, or in slightly different contexts. Perhaps no word is more deserving of characterization as a "weasel word of the law" than the much used and often abused word "jurisdiction."

It would, perhaps, be a simple matter to resolve the instant appeal in favor of appellant by applying the rather hoary Latin maxim, *mobilia sequuntur personam; i.e.,* the domicile of a decedent determines the situs of personal property. Such analysis, in our judgment, results in the uncritical application of a general rule of probate law that the situs of the personal property involved in this case is the state of Illinois; and, thus, by indulging in a somewhat strained legal fiction, the property of the decedent—a bank account—is not really in the state of Washington but is in the state of Illinois.

We think such an analysis overlooks the variety of meanings attributable to the word, "jurisdiction." Indeed, it is difficult to conclude that the State of Washington has no "jurisdiction" of the particular bank account of the de-

ceased in the Seattle-First National Bank, *since the bank undeniably is in Seattle and in the state of Washington.*

It may be conceded the legal fiction implicit in the maxim *mobilia sequuntur personam* is a useful one in administering estates of deceased persons where there are surviving heirs or other legitimate claimants. But, in the instant case, there are no heirs or other deserving claimants or equitable interests. The sole question is which of the two states—Washington or Illinois—is entitled to escheat —or gets the bank account of $7,438.55, now standing in the name of the deceased in the Seattle-First National Bank in Seattle, Washington.

■ The appellant, in support of his contention that Illinois is entitled to "get the windfall," relies strongly upon previous decisions of this court which were actually based upon statutory language regarding escheats which was quite different from, and antedated by several years, the language of chapter 254, Laws of 1955, reenacted as RCW 11.08.140 in 1965. The language of RCW 11.08.160, enacted at the same time as RCW 11.08.140, as part of a new probate code for Washington, explicitly prescribes and determines jurisdiction regarding escheats as follows:

> The tax commission of this state shall have supervision of *and jurisdiction over escheat property* and may institute and prosecute any proceedings deemed necessary or proper in the handling of such property, . . .

(Italics ours.)

If for no other reason, we are convinced this particular statutory provision indicates a considerably broader meaning should be given to the term "jurisdiction" than is urged by the appellant with misplaced emphasis upon the Latin maxim *mobilia sequuntur personam.* In other words, where a person dies without surviving heirs leaving personal property located in the state of Washington, we think the state legislature has the power to provide that such property shall escheat to the State of Washington. Further, we think the legislature has so provided and has exercised this

power, properly, in the enactment of RCW 11.08.140 through 11.08.280.

*In re Estate of Rapoport,* 317 Mich. 291, 304, 26 N.W.2d 777 (1947), *cert. denied,* 332 U.S. 764, 92 L. Ed. 350, 68 S. Ct. 71 (1947), concerned a bank deposit in a Michigan bank owned by a deceased California resident. The court held the deposit escheated to Michigan, not to California, stating:

It should be noted that when the escheat law was enacted the doctrine of situs of domicile was in existence in Michigan. We presume that it was the intention of the legislature by the enactment of the escheat law to over-rule the doctrine of situs of domicile insofar as escheated estates are concerned. In our opinion the assets involved in the case at bar escheat to the State of Michigan under and by virtue of the Michigan escheat law.

The court also quoted with approval the following from 11 Am. Jur. *Conflict of Laws* § 83, at 371 (1937):

Inasmuch as when a person dies intestate without heirs and the property goes by escheat, the right claimed is not in the nature of a succession, the maxim "mobilia sequuntur personam" does not apply, and the country in which the property is located is entitled to the funds rather than the country in which the decedent was domiciled and of which he was a citizen.

(Footnote omitted.)

In the appeal before us there are no equities as to surviving heirs of any class whatsoever. The contending parties are simply the State of Illinois and the State of Washington. We think, as a matter of law, that the property of the decedent in this case escheats to the State of Washington under the statutory provisions mentioned heretofore last enacted by the state legislature in 1965 as part of the new Washington probate code.

For the reasons indicated, we affirm the judgment of the trial court. It is so ordered.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, and WRIGHT, JJ., and DONWORTH, J. Pro Tem., concur.