[No. 8443-4-III.   Division Three.   December 10, 1987.]

*In the Matter of the Marriage of* DAVID K. CROSSLAND, *Respondent, and* LINDA M. CROSSLAND, *Appellant.*

*Ronald Whitaker* and *Walters, Whitaker, Finney &*

---

*Falk,* for appellant.

*W. James Kennedy* and *Thorner, Kennedy, Gano & Rowley,* for respondent.

McINTURFF, C.J.—A petition for modification of a dissolution decree providing for postmajority support to increase the support provided by one of the parents was dismissed for lack of jurisdiction to modify. We reverse.

Linda M. Crossland and David K. Crossland were divorced in 1979. They have three children: Amy Lynne Crossland, born October 16, 1966; James Lewis Crossland, born October 16, 1968; and Scott David Crossland, born December 13, 1971. When the petition for modification was filed, Amy Lynne Crossland was 20 years of age and a junior in Washington State University. The second child, James Lewis Crossland, was 18 years of age and a senior in high school.

The dissolution decree incorporated a property settlement agreement. The agreement provided support beyond the age of 18 for children enrolled as full–time students in a Washington State public institution. David Crossland was to contribute 80 percent of the cost of the child's education and Linda Crossland was to contribute 20 percent. Linda Crossland's petition for modification of the support decree asks that David Crossland be required to pay 100 percent of the college expenses of a child presently attending college.

The only issue is whether the trial court has jurisdiction to modify a divorce decree providing for postmajority support, for educational expenses, when the petition for modification is made after the child reaches the age of majority.

David Crossland contends the court has no jurisdiction to modify a decree which does not provide for postmajority support after the child reaches the age of majority. Linda Crossland argues this rule is not applicable here since postmajority support is provided by the original divorce decree, and she is only asking for a modification to increase the

amount of support. We agree with the latter analysis.

RCW 26.09.100 provides that a court may order either or both parents to pay reasonable or necessary support for a child. RCW 26.09.170 provides in part: "Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child or by the death of the parent obligated to support the child."

*Childers v. Childers,* 89 Wn.2d 592, 605, 575 P.2d 201 (1978) held the court has jurisdiction to order support for a child past the age of 18. Emancipation occurs when the child attains the age of majority or becomes emancipated in fact, whichever occurs first. *In re Marriage of Gimlett,* 95 Wn.2d 699, 702, 629 P.2d 450 (1981). A decree that provided support "until said child is emancipated" did not expressly provide for support beyond emancipation (age 18 in this case). The child in *Gimlett* was living with a parent while attending college. *Gimlett* extended *Childers* by holding that in compelling circumstances where postmajority support was not originally granted, courts have the power to modify the decree to provide support if the parent petitions the court before the child's emancipation. *In re Marriage of Gimlett, supra.*

*Wimmer v. Wimmer,* 44 Wn. App. 842, 845, 723 P.2d 531, *review denied,* 107 Wn.2d 1016 (1986) held the ability to attend college on the part of a dependent child who did not show academic qualification and was not of proper age for consideration of post–high school education at the time of the last modification of a dissolution decree constituted sufficient change in conditions to support a modification of a child support obligation. In *Wimmer,* at 846, the court declined to address whether the father's duty to support his daughter terminated because the decree so providing was entered after she turned 18 years old because the father failed to raise the issue before the trial court.

*In re Marriage of Studebaker,* 36 Wn. App. 815, 677 P.2d 789 (1984) upheld the modification of a divorce decree to provide for postmajority support when the petition to

modify was made before the children reached 18. *In re Marriage of Zander,* 39 Wn. App. 787, 789–90, 695 P.2d 1007 (1985) held that in a modification action to provide postmajority support, a fact known by the spouses but not the court at the time the dissolution decree was entered, cannot constitute a substantial change of circumstances. Thus, the fact that two of the children would not graduate from high school until they were 19 years old was not sufficient grounds to modify the order of child support because both parents knew this when the order was entered.

None of these cases hold that a decree providing for postmajority support cannot be modified after the child's majority. 20 Am. Jur. 2d *Courts* § 101, at 460–61 (1965), cited by Linda Crossland, states: "A court that has jurisdiction to make a decision also has the power to enforce it by making such orders and issuing such writs as are necessary to carry its judgment or decree into effect." (Footnotes omitted.)

*State ex rel. Martin v. Superior Court,* 101 Wash. 81, 84, 172 P. 257, 4 A.L.R. 572 (1918) held the remedy of mandamus lies to compel a superior court to proceed in a case which it erroneously dismissed on the mistaken belief that it had no jurisdiction. "The superior courts of this state are courts of general jurisdiction. They have power to hear and determine all matters, legal and equitable, . . . except in so far as these powers have been expressly denied." *Martin,* at 93–94. "[A] court of equity has power not only to decree, but to enforce its decrees in its own way, in the absence of a definite procedure." *Martin,* at 95.

*In re Cross,* 99 Wn.2d 373, 379–80, 662 P.2d 828 (1983) explains RCW 2.28.150 which gives courts the power to carry out their jurisdiction by any suitable means when no statute specifically directs the court how to proceed. RCW 2.28.150 provides:

> Implied powers—Proceeding when mode not prescribed. When jurisdiction is, by the Constitution of this state, or by statute, conferred on a court or judicial officer all the means to carry it into effect are also given; and

in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws.

*In re Cross, supra* at 380, held this statute is only applicable if (1) jurisdiction is otherwise conferred on the court and (2) no course of proceeding is specifically pointed out.[1] After *Childers,* there is no question that the court had jurisdiction to enter the original order providing for post-majority support. Further, there is no statutory procedure for modification of such an order after majority. We are convinced, and hold, a court has actual or implied jurisdiction to modify any order it had jurisdiction to make.

The superior court's dismissal of the petition for modification of the dissolution decree is reversed; this case is remanded for modification proceedings and determination of the attorney fees request.

GREEN and THOMPSON, JJ., concur.

---

[1]*In re Cross, supra,* strictly read this statute not to permit modification of psychiatric treatment orders because a deprivation of liberty was involved.