**Tommie E. MASON, Appellant,**

v.

**A. CLARK; H. Glass; A.L. Lockhart, Director, Arkansas Department of Correction; Randall Morgan; Captain Rughe; Willis Sargent; Lt. Straugh; Jimmy Williams, Appellees.**

No. 90-2179.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 7, 1990.

Decided Nov. 30, 1990.

Tommie E. Mason, pro se.

John D. Harris of Little Rock, Ark., for appellees.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Tommie E. Mason appeals from an order of the district court granting summary judgment on his section 1983 complaint in favor of A.L. Lockhart, Warden of the Arkansas Department of Correction (ADC), and other prison officials. We affirm but for reasons other than those articulated by the district court.

Mason alleged that in 1986 appellees had violated his constitutional rights by confiscating an AM/FM radio and imposing a disciplinary violation for possession of contraband. In support of their motion for summary judgment, appellees submitted a copy of a prison regulation which provided that an inmate could possess an AM radio. They also submitted an unsigned affidavit of Lockhart which stated that possession of an AM/FM radio was prohibited because it created a security risk in that it could be altered to receive radio broadcasts by the prison personnel and the state police. Appellees later submitted a signed affidavit in which Lockhart stated the regulation only allowed possession of an AM radio and that AM/FM radios were therefore contraband. In the signed affidavit Lockhart did not discuss the security considerations for the regulation. In opposition, Mason submitted an affidavit signed in 1980 by Vernon Housewright, a former director of ADC, which stated that the then current regulation allowed inmates to possess AM/FM radios.

The magistrate first noted that at one time the prison had permitted possession of AM/FM radios, but had changed its policy and the radios became contraband. The magistrate further noted that in *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986), this court held that an inmate's allegation that the change in prison policy concerning possession of AM/FM radios had deprived him of due process stated a claim and remanded so that the prison could offer evidence as to any security considerations that justified the change in policy. Relying on Lockhart's unsigned affidavit, the magistrate found that the regulation was constitutional because it was reasonably related to protecting prison security and there were no other reasonable alternatives other than prohibiting possession of AM/FM radios. *See Turner v. Safley*, 482 U.S. 78, 89–91, 107 S.Ct. 2254, 2261–63, 96 L.Ed.2d 64 (1987). The district court adopted the magistrate's findings.

On appeal, Mason asserts that the magistrate erred in relying on Lockhart's unsigned affidavit as evidence of the secur-

ity risk. Appellees apparently disagree and include the unsigned affidavit in their brief. We have no hesitation in stating that an unsigned affidavit is not sufficient evidence in support of a motion for summary judgment. *Pension Benefit Guar. Corp. v. Heppenstall Co.*, 633 F.2d 293, 300 (3d Cir.1980). In fact, an "unsigned affidavit" is a contradiction in terms. By definition an affidavit is a "sworn statement in writing made ... under an oath or on affirmation before ... an authorized officer." *Webster's Third New International Dictionary* 35 (1965). Thus, the district court erred in basing its dismissal on the unsigned piece of paper submitted by the state. We are also concerned that the Attorney General attached this unsigned piece of paper to his addendum, but we are satisfied that what we have said today should ensure that there will not be a recurrence.

■ We may, however, affirm on any basis appearing in the record. *Brown v. St. Louis Police Dept.*, 691 F.2d 393, 396 (8th Cir.), *cert. denied*, 461 U.S. 908, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983). The record in this case contains references to other related litigation involving Winston Holloway.

■ On remand in *Holloway v. Lockhart*, No. 90–1144, slip op. at 2 [915 F.2d 1578 (table)] (8th Cir. July 2, 1990) (unpublished per curiam), a panel of experts concluded that AM/FM radios compromised prison security. *See United States v. Author Serv., Inc.*, 804 F.2d 1520, 1523 (9th Cir.1986) (court may take judicial notice of facts elicited in related case). *See also Jones v. Mabry*, 723 F.2d 590, 596 (8th Cir.1983) (court may refer to unpublished decisions), *cert. denied*, 467 U.S. 1228, 104 S.Ct. 2683, 81 L.Ed.2d 878 (1984). *Holloway*, therefore, plainly demonstrates the shortcomings of Mason's claim and is independent support for the judgment of the district court.

Accordingly, we affirm the judgment of the district court.