[No. 32298-2-I.   Division One.   October 25, 1993.]

*In the Matter of the Marriage of* SANDRA K. MAJOR, *Respondent, and* MORRIS L. MAJOR, *Appellant.*

*Sandra R. Cribbs,* for appellant.

*David C. Mitchell,* for respondent.

SCHOLFIELD, J. — Morris Major appeals the Superior Court's denial of his motion to vacate a commissioner's ruling concerning a child support arbitration award, arguing that the court had no jurisdiction to order payment of postsecondary education support to Sandra Brooks, his former wife, for their 18-year-old child, Gary Major. We affirm.

Ms. Brooks and Mr. Major divorced in 1984. Under a February 24, 1989, order modifying support, Mr. Major was ordered to pay support for Gary, their eldest child, until "June of his eighteenth year, provided he remains in school beyond his eighteenth birthday." Gary turned 18 in December 1990 and graduated from high school in June 1991. Accordingly, upon graduation in 1991, Mr. Major's support obligation for Gary terminated.

In January 1992, Ms. Brooks initiated a support modification proceeding, seeking, among other things, postsecondary education support for Gary. Under local Snohomish County court rules, the issue was referred to mandatory arbitration. Mr. Major and his attorney participated in the arbitration hearing, which resulted in an award to Ms. Brooks for Gary's support. Mr. Major did not seek a trial de novo, and after 20 days the arbitration award was entered as an order of the

court. The order provided for college contribution from both parents equally up to a maximum of $1,800 a year.

Mr. Major did not appeal. More than 60 days after entry of the award, Mr. Major filed a CR 60(b)(5) motion in superior court, arguing that the court lacked subject matter jurisdiction because Gary had been emancipated. A commissioner ruled in favor of Mr. Major, finding a lack of jurisdiction. Ms. Brooks appealed, and the Superior Court ruled that the CR 60 motion was inappropriately brought and denied the motion to vacate any portion of the child support order. Mr. Major appeals the Superior Court's denial of his motion. Because of the procedural posture of the case, we address only the narrow question of whether the Superior Court had subject matter jurisdiction, and express no opinion as to whether the court properly awarded postsecondary education support.

■ A motion for lack of subject matter jurisdiction may be brought at any time. *Mitchell v. Kitsap Cy.*, 59 Wn. App. 177, 184, 797 P.2d 516 (1990). However, subject matter jurisdiction is a broad concept, one that can only be attacked when the court has no power to entertain the controversy, as when the constitution or Legislature explicitly denies jurisdiction.

> Jurisdiction over the subject matter of an action is an elementary prerequisite to the exercise of judicial power. It is the authority of the court to hear and determine the class of actions to which the case belongs.

*In re Adoption of Buehl*, 87 Wn.2d 649, 655, 555 P.2d 1334 (1976).

■ As courts of general jurisdiction, superior courts have long had the "power to hear and determine all matters, legal and equitable, . . . except in so far as these powers have been expressly denied." *State ex rel. Martin v. Superior Court*, 101 Wash. 81, 94, 172 P. 257, 4 A.L.R. 572 (1918). Superior courts' broad subject matter jurisdiction is based on our state's constitution.[1] Even under statutory law, jurisdiction is broadly given; a superior court sits as "family court" in any RCW Title 26 dispute, adjudicating and enforcing "the

---

[1]Superior courts have jurisdiction "in all cases . . . in which jurisdiction shall not have been by law vested exclusively in some other court . . .". Const. art. 4, § 6.

rights of the parties or their children regarding the determination or modification of parenting plans, child custody, visitation, or support, or the distribution of property or obligations." RCW 26.12.010. In light of this broad constitutional and statutory grant of subject matter jurisdiction to superior courts, courts may only find a lack of jurisdiction under compelling circumstances, such as when it is explicitly limited by the Legislature or Congress. As the court in *Burnside v. Simpson Paper Co.*, 66 Wn. App. 510, 517, 832 P.2d 537 (1992), *review granted*, 120 Wn.2d 1019 (1993) stated:

> Because the Washington State Constitution confers such a broad grant of jurisdiction on the superior courts, exceptions to that jurisdictional grant will be narrowly read. *Orwick v. Seattle*, 103 Wn.2d 249, 251, 692 P.2d 793 (1984). If a Legislature has shown no indication of its intention to limit jurisdiction, an act should be construed as imposing no limitation. 21 C.J.S. *Courts* § 13.

In the realm of postmajority support awards, a superior court's subject matter jurisdiction is not explicitly limited. Provisions for the support of a child are terminated "by emancipation of the child" "[u]nless otherwise agreed in writing or expressly provided in the decree". RCW 26.09.170(3). RCW 26.09.100(1) allows for the imposition of child support on parents "owing a duty of support to any child of the marriage dependent upon either or both spouses . . .". Most importantly, postsecondary education support awards up to age 23 are specifically provided for in RCW 26.19.090 (effective July 1, 1990). None of these three statutes nor any other statute cited by the parties limit, or even address in any manner, the superior court's subject matter jurisdiction.

The term "subject matter jurisdiction" is often confused with a court's "authority" to rule in a particular manner. This has led to improvident[2] and inconsistent use of the term.

> In most cases where jurisdiction is denied, it will be found that it is more likely that there was no jurisdiction over the person than that the superior court did not have "jurisdiction over the

---

[2]"Perhaps no word is more deserving of characterization as a 'weasel word of the law' than the much used and often abused word 'jurisdiction.' " *O'Keefe v. Department of Rev.*, 79 Wn.2d 633, 634, 488 P.2d 754 (1971).

issues." Furthermore, a notion of "issues jurisdiction" requires distinctions between what is jurisdictional and what is merely an irregularity that are so fine as to make their application impracticable, thus fostering inconsistent appellate results.

14 L. Orland & K. Tegland, Wash. Prac., *Trial Practice-Civil* § 32, at 76 (4th ed. 1986). Courts do not lose subject matter jurisdiction merely by interpreting the law erroneously. If the phrase is to maintain its rightfully sweeping definition, it must not be reduced to signifying that a court has acted without error. To do so would erode a fundamental concept of our jurisprudence — that courts have broad powers to hear all manner of controversies unless explicitly limited.

In light of the broad grant of jurisdictional powers to superior courts and the absence of any statute denying subject matter jurisdiction for awarding postsecondary education to benefit a child (such as Gary who had reached majority), Mr. Major is hard pressed to show lack of subject matter jurisdiction. He bases his argument in part on certain older cases when the age of majority was 21, which often found jurisdictional bars to the award of certain benefits.[3] However, in 1978 the Supreme Court in *Childers v. Childers*, 89 Wn.2d 592, 596, 575 P.2d 201 (1978), held that the 1973 dissolution of marriage act evidenced a "legislative intent that the trial court have jurisdiction to enter a decree of support for children past age 18." Following *Childers*, jurisdiction has generally not been addressed as an issue — the question is simply, and properly, whether the lower court erred.[4] *See, e.g., In re*

---

[3]*See, e.g., Mallen v. Mallen*, 4 Wn. App. 185, 187, 480 P.2d 219 (1971); *Van Tinker v. Van Tinker*, 38 Wn.2d 390, 391, 229 P.2d 333 (1951) ("jurisdiction of the court to enforce the support order terminates upon children reaching the age of majority"); *Baker v. Baker*, 80 Wn.2d 736, 742, 498 P.2d 315 (1972) ("a divorce court is without jurisdiction to direct a parent to provide for support and education after the child attains majority"); *Cleaver v. Cleaver*, 10 Wn. App. 14, 18, 516 P.2d 508 (1973) ("a divorce court is without jurisdiction to enter an order requiring a parent to provide for support and education after a child attains the age of majority"); *Hughes v. Hughes*, 11 Wn. App. 454, 463, 524 P.2d 472 (1974) ("once the children reach majority, the divorce court has no jurisdiction to affect the rights of the parties regarding child support").

[4]A possible exception is *In re Marriage of Crossland*, 49 Wn. App. 874, 875, 746 P.2d 842 (1987), in which the issue was phrased in jurisdictional terms:

*Marriage of Gimlett*, 95 Wn.2d 699, 629 P.2d 450 (1981); *In re Marriage of Studebaker*, 36 Wn. App. 815, 677 P.2d 789 (1984); *Wimmer v. Wimmer*, 44 Wn. App. 842, 723 P.2d 531, *review denied*, 107 Wn.2d 1016 (1986).

Mr. Major relies on these cases, arguing that a court lacks jurisdiction to enter support orders for adult children. However, in every case cited, the court used the term "jurisdiction" synonymously with the concept of "authority". None of the cases involved a pure issue of subject matter jurisdiction in the manner presented to us now, and none of them suggest the lower court lacked the power to entertain the controversy.

Here, the Superior Court clearly possessed the authority to hear and determine the class of actions to which this case belongs — that is, whether Ms. Brooks was entitled to post-secondary education support for her son Gary. We thus find that the trial court possessed subject matter jurisdiction, but we express no opinion on whether the court erred on the merits.

Denial of Mr. Major's CR 60(b)(5) motion is affirmed. We do not award attorney fees, however, because of Ms. Brooks' failure to show a need for attorney fees and Mr. Major's apparent inability to pay them. We note too that Mr. Major's argument was reasonably based on the incorrect use of the term "jurisdiction" in some of the cases.

Affirmed.

COLEMAN and GROSSE, JJ., concur.

---

The only issue is whether the trial court has jurisdiction to modify a divorce decree providing for postmajority support, for educational expenses, when the petition for modification is made after the child reaches the age of majority.

The opinion only refers to "jurisdiction". It is evident to us that the Court of Appeals was here questioning whether the trial court had the legal authority to rule in a certain manner, not whether it had subject matter jurisdiction.