NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0585n.06

No. 11-5658

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 06, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| CAROLYN A. SFAKIANOS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TENNESSEE |
| SHELBY COUNTY GOVERNMENT, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: COOK and STRANCH, Circuit Judges; LAWSON, District Judge.[*]

COOK, Circuit Judge. Carolyn Sfakianos appeals the district court's grant of summary judgment in favor of Shelby County Government ("SCG") on her Title VII reverse race discrimination claims. Sfakianos also appeals the district court's denial of her Federal Rule of Civil Procedure 60(b) motion for relief from judgment. We affirm.

In both her summary judgment brief before the district court and her appellate briefs, Sfakianos relies heavily on a document labeled "Affidavit of Carolyn A. Sfakianos" that accompanied her opposition to SCG's motion for summary judgment. The district court ruled that

_____

[*]The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

Federal Rule of Civil Procedure 56(e)[1] foreclosed reliance on this document to oppose SCG's motion because it did not include a properly attested signature. *See, e.g.*, *Alexander v. CareSource*, 576 F.3d 551, 558-59 (6th Cir. 2009) ("[U]nauthenticated documents do not meet the requirements of Rule 56(e)."); *Nassif Ins. Agency, Inc. v. Civic Prop. & Cas. Co.*, No. 03-2618, 2005 WL 712578, at *3 (6th Cir. Mar. 30, 2005) ("Unsigned affidavits do not comply with Fed. R. Civ. P. 56(e)."). After the district court entered judgment in favor of SCG, Sfakianos sought relief from judgment under Rule 60(b), attaching a new, signed copy of the disputed document. The district court denied Sfakianos's motion as futile, noting that even if it granted the motion and considered the contents of the affidavit it nonetheless would reach the same conclusion. Sfakianos appeals both the summary judgment and the district court's denial of 60(b) relief.

The district court properly declined to consider Sfakianos's affidavit in ruling on SCG's summary judgment motion. Sfakianos cannot dispute that she failed to provide the district court with a proper affidavit prior to entry of judgment. She doesn't quarrel with the principle that affidavits must be signed and properly attested to be cognizable under Rule 56. *See, e.g.*, *Nassif*, 2005 WL 712578, at *3. As the Eighth Circuit explains, "an 'unsigned affidavit' is a contradiction in terms. By definition an affidavit is a 'sworn statement in writing made . . . under an oath or on affirmation before . . . an authorized officer.'" *Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990)

---

[1]Amendments effective as of December 2010 reorganized Rule 56 and moved the relevant portion of 56(e) to 56(c)(4). Because the district court's opinion refers to "56(e)," we will do the same for the sake of consistency.

(quoting Webster's Third New International Dictionary 35 (1965)). As the district court noted, an unsworn declaration may satisfy Rule 56(e) if it is signed, dated, and recites that it was signed "under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2). However, Sfakianos's filing did not comply with section 1746, either.

The district court also properly exercised its discretion in denying as futile Sfakianos's 60(b) motion. Rule 60(b) accords district courts wide discretion in accepting and considering new versions of previously submitted documents post-judgment. *See Gumble v. Waterford Twp.*, 171 F. App'x 502, 505 (6th Cir. 2006). In this case, where the district court's summary judgment order explains why the court would grant SCG's motion even if it considered the contents of Sfakianos's affidavit, declining to reopen the case easily falls within the court's sound discretion.[2]

Given the absence of support for Sfakianos's claims beyond her inadmissible affidavit, the district court properly granted SCG's motion for summary judgment. After carefully reviewing the record, the applicable law, and the parties' briefs, we find that the district court's 63-page opinion correctly sets forth the governing law and background of the case as described in admissible documents, including the complaint, SCG's statement of facts, and several depositions. As to each claim, the district court examined the admissible evidence and correctly found it insufficient to

---

[2] We observe that the affidavit that Sfakianos attached to her Rule 60(b) motion similarly would fail Rule 56(e) review because the witnessing notary's commission expired more than two weeks before Sfakianos swore the affidavit.

survive summary judgment.  We adopt these portions of the district court's analysis and affirm its

judgment.