**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| BRENNAN HEATING AND AIR CONDITIONING LLC, a Washington limited liability company, | No. 51506-7-II |
| Respondent, | |
| v. | |
| JEFFREY MARK McMEEL aka "the McMeel Estate", | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Brennan Heating and Air Conditioning LLC laid off Jeffrey McMeel and denied him severance pay. McMeel filed lien for "$1,0012,000.00" on property belonging to Brennan. The trial court lifted the lien and McMeel appeals, arguing that the trial court lacked jurisdiction, erred by failing to enter findings of fact and conclusions of law, and that the judgment mischaracterizes the record. We affirm.

FACTS

McMeel worked for Brennan as an at-will employee. Brennan terminated McMeel's employment and rejected his demands for severance pay. McMeel then filed a "claim of lien for severance pay" naming as grantors Brennan and Costco Wholesale Corp.,[1] as well as two individuals he listed as their attorneys. He named himself as the sole grantee. McMeel described

---

[1] Costco is a business affiliate of Brennan.

the lien as a "federal common law lien pursuant to RCW Ch. 60, Internal Revenue Code and the bankruptcy laws of the United States," and stated it applied to two surety bonds belonging to Darrin Paul Erdahl of Brennan Heating LLC. CP at 18. He claimed the principal amount as "$1,0012,000.00 [sic]." CP at 18.

Brennan filed an ex parte petition for an order to show cause as to why McMeel's lien should not be stricken and why Brennan should not be awarded attorney fees and costs.[2] With its petition, Brennan filed a declaration of Eric Beardemphl, one of its owners. A superior court commissioner granted the petition and set a hearing for McMeel to appear and show cause why his lien should not be stricken and why an award of fees and costs should not be entered against him.

At the show cause hearing, the trial court offered McMeel an opportunity to make his case in support of the lien. McMeel submitted a document labeled "Notice to the Court" which, among other contentions, denied the court could order monetary judgments "[w]ith no gold or silver coin Money in general circulation" and accused Brennan's attorney of threatening him and conspiring against him. CP at 44-45.

McMeel then said, "I'm not sure what jurisdiction the plaintiff is bringing. And so I'd like to know what jurisdiction you are running this court under from so—before I can proceed." Report of Proceedings (RP) at 5. The court responded, "Okay. Thanks," and asked Brennan if it wished to be heard. RP at 5. It then gave McMeel another opportunity to make his case and McMeel responded, "I'm waiting for an answer on the jurisdiction question before I can proceed." RP at 6. The court again said, "Okay. Thanks," and then granted Brennan's petition. RP at 6.

---

[2] *See* RCW 60.70.060(1).

Brennan requested attorney fees and costs, and McMeel objected, arguing, "I haven't gotten an answer to the jurisdiction question I asked the court. I have not yet been given a chance to show cause in here. That's what it—it's a show cause hearing. I wasn't given an opportunity to show cause." RP at 6. The court told him, "That's why we're here. If you have—if you can show cause today, I'll hear from you." RP at 6. McMeel then argued there was "no lien before the court" because he had released it. RP at 7. Brennan responded that McMeel had not correctly released the lien and McMeel responded he had made a "good faith attempt to release the lien" such that there was "nothing before the court" and "no claim to even be brought." RP at 7. He attempted to provide the court a document he called a "Release of Lien" which stated that all the parties he originally filed the lien against "are hereby released from a LIEN which was recorded under a mistake of facts." CP at 54. The trial court did not view the document, as Brennan's counsel stated the release was not correctly executed.

The court entered judgment in favor of Brennan. Its written order stated that its oral decision "included the Court's findings of fact and conclusions of law." CP at 49. It struck McMeel's lien as unenforceable and "not supported by fact or law" and awarded $8,886.50 in costs and fees to Brennan. CP at 50. McMeel appeals.

ANALYSIS[3]

I.     SUBJECT MATTER JURISDICTION

McMeel contends that the superior court lacked subject matter jurisdiction to decide this case. We disagree.

---

[3] McMeel requests that we consider three documents he attached to his brief as part of the record, including a case cover sheet, a notice of assignment to a superior court judge, and a notice of appearance of Brennan's counsel. These documents are not part of the appellate record and are not relevant to any issue or argument on appeal. We do not consider them.

"A court must have subject matter jurisdiction in order to decide a case." *Eugster v. Wash. State Bar Ass'n*, 198 Wn. App. 758, 774, 397 P.3d 131 (2017). "A court has subject matter jurisdiction where it has authority 'to adjudicate the type of controversy involved in the action.'" *In re Marriage of McDermott*, 175 Wn. App. 467, 480-81, 307 P.3d 717 (2013) (quoting *Shoop v. Kittitas County*, 108 Wn. App. 388, 393, 30 P.3d 529 (2001)). Washington's superior courts are courts of general jurisdiction with the "'power to hear and determine all matters, legal and equitable, . . . except in so far as these powers have been expressly denied.'" *In re Marriage of Major*, 71 Wn. App. 531, 533, 859 P.2d 1262 (1993) (quoting *State ex rel. Martin v. Superior Court*, 101 Wash. 81, 94, 172 P. 257 (1918)).

"A judgment entered by a court that lacks subject matter jurisdiction is void." *Cole v. Harveyland, LLC*, 163 Wn. App. 199, 205, 258 P.3d 70 (2011). Whether a court has subject matter jurisdiction is a question of law we review de novo. *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003).

A.     FAILURE TO PROVIDE "AFFIDAVIT"

McMeel contends that the trial court lacked subject matter jurisdiction to decide this case because Brennan included only a "declaration" but not an "affidavit" with its petition for a show cause order, as required by RCW 60.70.060. He also claims Brennan's petition failed to include a statement of jurisdiction. McMeel contends that these defects deprived both the commissioner who ordered the show cause hearing and the trial court judge who granted judgment for Brennan of subject matter jurisdiction. We disagree with McMeel.

RCW 60.70.060(1) provides that persons whose real or personal property is subject to a recorded claim of common law lien "may petition the superior court of the county in which the claim of lien has been recorded for an order, which may be granted ex parte, directing the lien

claimant to appear before the court . . . and show cause, if any, why the claim of lien should not be stricken." Such petitions "shall state the grounds upon which relief is requested, and shall be supported by the affidavit of the petitioner or his or her attorney setting forth a concise statement of the facts upon which the motion is based." RCW 60.70.060(1).

After a show cause hearing, if "the court determines that the claim of lien is invalid," it shall "issue an order striking and releasing the claim of lien and awarding costs and reasonable attorneys' fees to the petitioner to be paid by the lien claimant." RCW 60.70.060(4).

"'By definition an affidavit is a sworn statement in writing made . . . under an oath or on affirmation before . . . an authorized officer.'" *Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 452, 842 P.2d 956 (1993) (internal quotation marks omitted) (quoting *Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990)). An affidavit "is a solemn, formal asseveration, under oath, upon which others might rely." *Kent v. Lee*, 52 Wn. App. 576, 579, 762 P.2d 24 (1988).

GR 13 provides that "whenever a matter is required or permitted to be supported or proved by affidavit, the matter may be supported or proved by an unsworn written statement, declaration, verification, or certificate executed in accordance with RCW 9A.72.085," if the statement is submitted "under penalty of perjury under the laws of the State of Washington." RCW 9A.72.085[4] provides a list of criteria for such statements, including that they be subscribed by the person, be declared true under penalty of perjury, state their date and place of execution, and be certified or declared under the laws of the State of Washington.

---

[4] The legislature recently amended RCW 9A.72.085 to additionally provide a definition of "digital signature." LAWS OF 2019, ch. 132 § 2. These amendments were not in effect at the time Brennan filed its petition and do not affect our decision.

Brennan filed a petition for a show cause order directing McMeel to appear and show cause why his claim of lien should not be stricken and why Brennan should not be awarded attorney fees and costs. It filed alongside this petition a "Declaration of Eric Beardemphl" stating facts in support of the petition. CP at 9.

Beardemphl's declaration included all the essential facts of the case and Beardemphl declared under penalty of perjury under the laws of the State of Washington that his statements were true and correct. His declaration is signed, dated, and includes its place of execution. Beardemphl's declaration met all the requirements to substitute for an affidavit under GR 13.

B.      COMMISSIONER ORDER

McMeel contends that the common law lien statute directs that petitions be filed in "superior court where matters are heard by judges, not commissioners."[5] Br. of Appellant at 13. The superior court commissioner had authority to order McMeel to appear and show cause why his lien should not be stricken.

The Washington Constitution provides that "[t]here may be appointed in each county, by the judge of the superior court having jurisdiction therein, one or more court commissioners." WASH. CONST. art. IV, § 23. These commissioners "have authority to perform like duties as a judge of the superior court at chambers," including "to take depositions and to perform such other business connected with the administration of justice as may be prescribed by law." WASH. CONST. art. IV, § 23. Court commissioners "take and subscribe an oath to support the Constitution of the

---

[5] McMeel also claims that the commissioner lacked authority to enter an order in this case because the statute providing authority to trial court commissioners refers to the "state of Washington," which he believes distinct from the "State of Washington." We reject McMeel's contention that alternate use of capital letters creates an "impostor 'state' which offends the due process clause." Br. of Appellant at 17.

United States, the Constitution of the state of Washington, and to perform the duties of such office fairly and impartially and to the best of [their] ability." RCW 2.24.020.

Commissioners may "hear and determine ex parte and uncontested civil matters of any nature." RCW 2.24.040(9). RCW 60.70.060(1) specifically states that petitions to challenge common law liens "may be granted ex parte, directing the lien claimant to appear before the court." The commissioner's order "came before the court on [Brennan's] Ex Parte Petition for an Order to Show Cause" and set a hearing before a superior court judge for McMeel to appear and show cause why the lien should not be lifted, consistent with express powers of the superior court commissioner. CP at 41.

C.     STATEMENT OF JURISDICTION

McMeel contends that the trial court failed to respond to his challenges to its jurisdiction, at which point "the burden shifted to the Trial Court which previously had been operating under only a *presumption* of jurisdiction." Br. of Appellant at 27. He claims the trial court "abused its discretion by failing to disclose the jurisdiction which interfered with [his] right to an impartial hearing" and to due process. Br. of Appellant at 27. Because the trial court had subject matter jurisdiction, McMeel does not show error.

Washington's superior courts are courts of general jurisdiction with the power to hear and determine all legal and equitable matters unless expressly denied. *Major*, 71 Wn. App. at 533. RCW 60.70.060 specifically provides for the filing of petitions to strike common law liens in the superior court.

At the show cause hearing, when the court gave McMeel an opportunity to show cause why the lien should not be stricken, McMeel responded by questioning the court's jurisdiction. The court ignored his question and heard argument from Brennan. It then gave McMeel another

7

opportunity to present his case and he said, "I'm waiting for an answer on the jurisdiction question before I can proceed." RP at 6. The court then granted Brennan's petition. McMeel objected on the grounds that he hadn't "gotten an answer to the jurisdiction question." RP at 6.

McMeel does not allege that the trial court lacked jurisdiction because it did not answer his questions, but rather that the "burden is still on the Trial Court" to identify its jurisdiction. Br. of Appellant at 27. Because the trial court had subject matter jurisdiction to hear this matter, we affirm.

II.    FINDINGS AND CONCLUSIONS

McMeel contends that the trial court's decision violates CR 52 because the trial court did not enter findings of fact and conclusions of law. We conclude that the oral and written record in this case is sufficient to permit appellate review.

CR 52(a)(1) requires that "[i]n all actions tried upon the facts without a jury," the trial court "shall find the facts specially and state separately its conclusions of law."[6] "'[W]here findings are required, they must be sufficiently specific to permit meaningful review.'" *In re Dependency of A.D.*, 193 Wn. App. 445, 462, 376 P.3d 1140 (2016) (quoting *In re Det. of LaBelle*, 107 Wn.2d 196, 218, 728 P.2d 138 (1986)).

"When the findings and conclusions are missing or are defective, the proper remedy is to remand for entry of adequate ones unless the appellate court is persuaded that sufficient basis for review is present in the record." *Columbia State Bank v. Invicta Law Grp. PLLC*, 199 Wn. App. 306, 323, 402 P.3d 330 (2017). "[A]ll that is required is that the trial court inform the appellate court, on material issues, 'what questions were decided by the trial court, and the manner in which

---

[6] The show cause hearing in this case was not a trial. Neither party argues that findings and conclusions were not required and the record is adequate to permit effective review, so we do not address whether findings and conclusions were required.

they were decided.'" *Garcia v. Henley*, 190 Wn.2d 539, 544, 415 P.3d 241 (2018) (internal quotation marks omitted) (quoting *Daughtry v. Jet Aeration Co.*, 91 Wn.2d 704, 707, 592 P.2d 631 (1979)).

The trial court's written judgment stated, "The lien [McMeel] recorded in the records of the Thurston County Recorder, [lien number], is not supported by fact or law, is held to be unenforceable, as is hereby stricken" and awarded Brennan $8,886.50 in costs and fees. CP at 50. McMeel at no time took the position that the lien was valid or enforceable, rather arguing before the trial court about jurisdiction, the validity of United States currency, and whether the case was moot given that he had already attempted to withdraw the lien. The record before us is sufficient to permit effective review.

III.     INADEQUATE SERVICE

McMeel contends that he was not served with the November commissioner's order setting the show cause hearing until two months after the decision, depriving him of his right to seek revision of the ruling. He claims this delayed service deprived him of his due process rights and that he was never "served with a summons and complaint," depriving the superior court of jurisdiction. Br. of Appellant at 26.

The record contains no information about when McMeel was served with notice of the commissioner's decision setting the show cause hearing. Additionally, the statutory scheme for lien proceedings does not require filing of a complaint or summons; only a petition for an order to show cause which Brennan filed in this case. McMeel's argument is unsupported by the record.

IV.     ERRONEOUS FINDINGS

McMeel challenges numerous facts from the trial court's judgment that he claims are false, including that "Jeremy Pon" was present at the show cause hearing, that Jacob Zuniga appeared as

attorney for Brennan, and that the court "received the evidence and testimony offered by the parties" at the show cause hearing.[7] Br. of Appellant at 30-31.

We review challenged findings of fact for substantial evidence. *Tomlinson v. Puget Sound Freight Lines, Inc.*, 166 Wn.2d 105, 109, 206 P.3d 657 (2009). Substantial evidence is evidence "sufficient 'to persuade a fair-minded, rational person of the truth of a declared premise.'" *Alejandre v. Bull*, 159 Wn.2d 674, 681, 153 P.3d 864 (2007) (internal quotation marks omitted) (quoting *Davis v. Microsoft Corp.*, 149 Wn.2d 521, 531, 70 P.3d 126 (2003)). "[A]n erroneous finding of fact that does not materially affect conclusions of law is not prejudicial." *Ritter v. Bd. of Registration for Prof'l Eng'rs & Land Surveyors*, 161 Wn. App. 758, 762 n.1, 255 P.3d 799 (2011). Such errors do not warrant reversal. *State v. Caldera*, 66 Wn. App. 548, 551, 832 P.2d 139 (1992).

Whether "Jeremy Pon" was present at the show cause hearing is immaterial to any decision that the court made and did not prejudice McMeel.

As to McMeel's other factual challenges, the record is clear that Zuniga represented Brennan at the show cause hearing. While the trial court did not hear testimony from any witnesses, it heard all argument offered by the parties before it made its decision. Neither party attempted to call any witnesses or present any evidence in this case.

McMeel has not demonstrated that any material finding of fact from the judgment is unsupported by substantial evidence.

---

[7] McMeel also contends that the judgment's fees and costs award to Brennan "does not contain the word 'dollars' or 'cents,'" but only "a symbol followed by a set of numbers." Br. of Appellant at 31. McMeel acknowledges that the judgment awarded "$8,886.50" and does not appear to challenge this award.

ATTORNEY FEES

Brennan requests an award of attorney fees and costs on appeal pursuant to RAP 18.1 and 18.9(a), as well as under RCW 60.70.060(4). We award Brennan its reasonable costs and fees.

On our own initiative or on motion of a party, we may order a party who files a frivolous appeal "to pay terms or compensatory damages to any other party who has been harmed." RAP 18.9(a). "Appropriate sanctions may include, as compensatory damages, an award of attorney fees and costs to the opposing party." *Yurtis v. Phipps*, 143 Wn. App. 680, 696, 181 P.3d 849 (2008).

An appeal is frivolous where "it presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal." *Carrillo v. City of Ocean Shores*, 122 Wn. App. 592, 619, 94 P.3d 961 (2004). "[A]n appeal that is affirmed simply because the arguments are rejected is not for that reason alone frivolous." *Carrillo*, 122 Wn. App. at 619. "[W]e resolve all doubts to whether an appeal is frivolous in favor of the appellant." *Granville Condo. Homeowners Ass'n v. Kuehner*, 177 Wn. App. 543, 558, 312 P.3d 702 (2013).

McMeel has not provided any debatable issues of law. McMeel began this case by filing a meritless lien for over $10,000,000 on Brennan's property and has never provided any argument in support of the lien; instead attacking the institution of the court itself, the legitimacy of United States currency, and Brennan's counsel. We conclude his appeal is frivolous and order him to pay Brennan's reasonable costs and attorney fees.[8]

---

[8] Because we award Brennan its reasonable costs and fees pursuant to RAP 18.9(a), we do not reach its statutory argument for fees.

11

## CONCLUSION

We affirm the trial court and order McMeel to pay Brennan's reasonable costs and attorney fees for filing a frivolous appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Maxa, C.J.

_____
Sutton, J.