**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| ESTATE OF ROBERT C. CANNON, | No. 84093-2-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| P. KOICHI YAGI, AKA PETER YAGI, | |
| Appellant. | |

MANN, J. — P. Koichi Yagi appeals an order determining that his creditor's claim against the estate of Robert Cannon (Estate) is time-barred and unenforceable. Yagi contends that the trial court erred by (1) asserting jurisdiction, (2) finding that no payments were made on a promissory note, (3) not allowing more time for discovery, (4) awarding attorney fees to the Estate, and (5) removing a lis pendens on the Estate's property. Finding no error, we affirm.

I.

Henry Cannon is the sole surviving heir of his deceased brother, Robert Cannon. On November 10, 2021, Henry[1] was appointed as the administrator of the Estate and granted nonintervention powers in King County Superior Court.

On that same day, Yagi petitioned for letters of administration in Thurston County Superior Court. Yagi asserted that he was a secured creditor to the Estate based on his

---

[1] We use first names of Cannon family members when referring to them individually to avoid confusion and intend no disrespect.

ownership of a deed of trust related to a loan to Robert which was on file with the King County Recorder's Office. He also claimed that the Estate owed him $386,971.18 as of September 2021, "with monthly interest accruing at $5,804.57 or $190.84 per day, in addition to collection costs and attorney's fees." Days later, Yagi filed a motion for order nunc pro tunc to correct the filing date of his petition for letters of administration to November 8, 2021. Yagi did not provide the Estate with notice of these filings and the Thurston County Superior Court did not enter any orders on Yagi's petition or motion.

On November 17, 2021, Yagi filed a pro se motion in the King County probate action to vacate Henry's appointment as the Estate's administrator. There, Yagi claimed that there was a conflict of interest or appearance of bias because Henry had worked for "the Courts of King County" for 30 years until his retirement. Yagi said that he was "a major creditor in the referenced estate." But he failed to properly note the motion for a hearing, and the trial court never heard or ruled on the motion.

One of the Estate's primary assets is a house in Renton, Washington. When Henry tried to sell the house in February 2022, he discovered that Yagi had recorded a deed of trust (deed) against the house securing a $45,000.00 promissory note. The deed, made in March 2008 between Robert as grantor and Yagi as beneficiary, stated: "The entire balance of the promissory note secured by this Deed of Trust, together with any and all interest accrued thereon, shall be due and payable in full on September 10, 2008." A promissory note, also made in March 2008, required Robert to pay interest at a rate of 18 percent on any unpaid principal after the September 2008 due date.

On March 3, 2022, the Estate commenced the present action in King County Superior Court, seeking a petition under the Trust and Estate Dispute Resolution Act

(TEDRA)[2] to declare Yagi's claim to a promissory note secured by the deed time-barred under the six-year statute of limitations for written contracts and thus, unenforceable.

Around the same time, Yagi completed a "request for information" summarizing his claims of what the Estate owed as to the deed and promissory note as follows: (1) $45,000.00 in principal; (2) $376,804.59 in interest, accrued between September 11, 2008 and March 10, 2022; and (3) $7,150.00 in attorney and collection costs. In total, Yagi claimed he was owed $428,954.59. On March 16, 2022, Yagi filed a lis pendens notifying the public that he was a creditor of the Estate with interest in the Renton "property which may be subject to judgment and execution by reason" of the deed.[3]

On March 28, 2022, Yagi answered the Estate's petition and moved to dismiss.[4] He claimed that King County Superior Court lacked subject matter jurisdiction and was not the proper venue because he had commenced competing probate proceedings in Thurston County Superior County first. He continued asserting that King County Superior Court would be biased in favor of the Estate. He also alleged that he "never claimed" the principal amount remained $45,000.00 and said Robert had made payments to him. Yagi attached a declaration to this answer, which shows a smattering of dates, interest rates, dollar amounts, and purported payments.

In the Estate's reply, Henry declared that he formerly worked for the King County Department of Adult and Juvenile Detention, retired in 2010, and had no relationship with any judicial officers of the King County Superior Court.

---

[2] Chapter 11.96A RCW.

[3] A lis pendens may be filed "any time after an action affecting title to real property has been commenced." RCW 4.28.320.

[4] He also filed a copy of this pleading on March 29, 2022. There is no discernable difference between the two pleadings.

On April 1, 2022, a trial court commissioner heard argument on the Estate's TEDRA petition.[5] Initially, the commissioner rejected any notion of bias given that Henry had formerly worked for King County. The commissioner determined that Robert never paid Yagi any money and, thus Robert would have been in default of the promissory note as of September 10, 2008. And because Yagi did not file suit on or before September 10, 2014, the commissioner concluded that the promissory note and deed were time-barred and not enforceable. Finally, the commissioner awarded the Estate its attorney fees and costs "pursuant to RCW 11.96A.250" in an amount to be determined later and directed Yagi to dismiss the action he filed in Thurston County Superior Court.[6]

Yagi moved to revise the commissioner's ruling, but a trial court judge denied his motion in a May 2022 order. Yagi timely appealed the commissioner's ruling and the judge's order denying revision.

Meanwhile, in June 2022, Yagi moved to stay the trial court's order pending resolution of appeal and, separately, the Estate sought an order to release the lis pendens. In a July 2022 order, the trial court granted Yagi's request for a stay "conditioned" upon his "posting a supersedeas bond or cash with the King County Superior Court in the amount of $237,000.00 on or before July 20, 2022, as required by RAP 8.1." It also ruled that, in the event the supersedeas bond or cash was not timely deposited, Yagi's motion for stay would be denied and the Estate would be able to sell

---

[5] Yagi also filed a surreply that same morning but the commissioner did not consider it because such pleadings are "not allowed under the rules." See King County Local Civil Rule 7(b)(4)(E).

[6] In compliance, Yagi subsequently dismissed the Thurston County action.

the property "free and clear" of the deed and lis pendens. Yagi did not appeal the lis pendens order and he failed to post a bond or other security.[7]

II.

Yagi raises several issues on appeal, which we address in turn.

A.

First, Yagi contends that the trial court's TEDRA orders are void for lack of subject matter jurisdiction and improper venue. We disagree.

Whether a court has subject matter jurisdiction is a question of law reviewed de novo. In re Guardianship of Wells, 150 Wn. App. 491, 499, 208 P.3d 1126 (2009). "Subject matter jurisdiction refers to a court's ability to entertain a type of case, not to its authority to enter an order in a particular case." Buecking v. Buecking, 179 Wn.2d 438, 448, 316 P.3d 999 (2013). "The term 'subject matter jurisdiction' is often confused with a court's 'authority' to rule in a particular manner." In re Marriage of Major, 71 Wn. App. 531, 534, 859 P.2d 1262 (1993). "A tribunal lacks subject matter jurisdiction when it attempts to decide a type of controversy over which it has no authority to adjudicate." Marley v. Dep't of Lab. & Indus., 125 Wn.2d 533, 539, 886 P.2d 189 (1994).[8] A court has subject matter jurisdiction where it has authority to decide "the type of controversy involved in the action." Shoop v. Kittitas County, 108 Wn. App. 388, 393, 30 P.3d 529 (2001).

---

[7] Instead, in August 2022, Yagi filed a motion in this court to stay removal of the lis pendens pending appeal, arguing that the trial court erred in requiring a supersedeas bond and speculating as to the bond amount. A commissioner of this court denied Yagi's motion and explained the grounds for doing so. A panel of judges later denied Yagi's motion to modify the commissioner's ruling.

[8] Marley was superseded by statute on other grounds as recognized by Birrueta v. Dep't of Lab. & Indus., 186 Wn.2d 537, 549, 379 P.3d 120 (2016).

Superior courts in Washington "have original jurisdiction" in "all matters of probate." WASH. CONST. art. IV, § 6. TEDRA also provides that the "superior court of every county has original subject matter jurisdiction over . . . the administration of estates," and that they may "appoint personal representatives." RCW 11.96A.040(1), (3). The courts' subject matter jurisdiction "applies without regard to venue," and "[a] proceeding or action by or before a superior court is not defective or invalid because of the selected venue if the court has jurisdiction of the subject matter of the action." RCW 11.96A.040(4). TEDRA gives superior courts "full and ample power and authority" to "administer and settle" "[a]ll matters concerning the estates and assets of" deceased persons. RCW 11.96A.020(1)(a). Under TEDRA, a "matter" includes "any issue, question, or dispute involving" the determination of "any class of creditors . . . or other persons interested in an estate," and "any question arising in the administration of an estate." RCW 11.96A.030(2)(a), (c).

In view of this statutory framework, the trial court had subject matter jurisdiction to adjudicate the Estate's TEDRA petition. Yagi counters, arguing that the trial court lacked subject matter jurisdiction because the Thurston County Superior Court obtained jurisdiction over the Estate first and at the exclusion of the King County Superior Court. But the record does not support this argument. On the same day that Henry was appointed as personal representative of the Estate in the King County action, Yagi filed a request for letters of administration in Thurston County. And beyond Yagi's initial filings, the Thurston County Superior Court never entered any orders on those pleadings.

Here, the record establishes that probate proceedings of the Estate were first commenced in King County. And once letters "of administration have been granted in the state of Washington, all orders, settlements, trials, and other proceedings under this title must be had or made in the county in which such letters have been granted unless venue is moved." RCW 11.96A.050(5). Venue of this TEDRA action therefore was proper in King County. Accordingly, Yagi's jurisdiction and venue arguments fail.

B.

Next, Yagi challenges the trial court commissioner's finding that Robert never made any payments on the promissory note. The commissioner found: Yagi "claims that no monies were ever paid as he has claimed the entire principal sum" of $45,000.00 due on the promissory note. Yagi contends that there is no factual basis to support this finding. We disagree.

On revision, a superior court judge reviews the commissioner's findings of fact and conclusions of law de novo based on the evidence presented to the commissioner. In re Estate of Wright, 147 Wn. App. 674, 680, 196 P.3d 1075 (2008). We then review the superior court's decision, not the commissioner's, for an abuse of discretion. Wright, 147 Wn. App. at 680; In re Marriage of Williams, 156 Wn. App. 22, 27, 232 P.3d 573 (2010). A court abuses its discretion by exercising its discretion on untenable grounds or for untenable reasons. Williams, 156 Wn. App. at 27.

In this case, Yagi admitted to completing a March 2022 request for information claiming that the "Unpaid Principal Balance" Robert owed on the promissory note was $45,000.00. He contradicted this admission in his answer to the TEDRA petition, asserting that he "has never claimed that the principal amount is still" $45,000.00 and

that "payments have been received." And in support of this assertion, Yagi prepared a declaration saying Robert made four payments on the promissory note, including: $1,000.00 in February 2000;[9] $500.00 in May 2013; $500.00 in September 2016; and $250.00 in March 2018. But when asked for proof at the hearing on the TEDRA petition, Yagi was not able to show the commissioner "any bank records or anything else" to show that Robert had made payments on the promissory note.

The weight accorded to competing evidence and credibility determinations are matters solely for the trier of fact and not subject to review. In re Marriage of Burrill, 113 Wn. App. 863, 868, 56 P.3d 993 (2002). The commissioner here rejected the assertions in Yagi's declaration and accepted his admissions that the principal balance on the promissory note remained $45,000.00. Because substantial evidence supported the commissioner's finding, the trial court had tenable grounds on which to deny Yagi's motion for revision.

C.

Yagi contends that he was entitled to more time to conduct discovery before the trial court ruled on the TEDRA petition. Again, we disagree.

We review a trial court's discovery rulings in TEDRA proceedings for an abuse of discretion. In re Estate of Fitzgerald, 172 Wn. App. 437, 447-48, 294 P.3d 720 (2012) (deferring to the trial court's refusal to grant a continuance to conduct discovery in a TEDRA action). Discovery in TEDRA cases is governed by RCW 11.96A.115, which states:

> In all matters governed by this title, discovery shall be permitted only in the following matters:

---

[9] Yagi says the "payment originally referenced as having been made in 2000 rather than 2010 was obviously a typo, as the note originated in 2008."

(1) A judicial proceeding that places one or more specific issues in controversy that has been commenced under RCW 11.96A.100, in which case discovery shall be conducted in accordance with the superior court civil rules and applicable local rules; or

(2) A matter in which the court orders that discovery be permitted on a showing of good cause, in which case discovery shall be conducted in accordance with the superior court civil rules and applicable local rules unless otherwise limited by the order of the court.

A trial court "properly denies a continuance request" to conduct discovery under RCW 11.96A.115 where "the requesting party does not offer a good reason for the delay in obtaining the desired evidence" or "the requesting party does not state what evidence would be established through the additional discovery." Fitzgerald, 172 Wn. App. at 448.

Here, at the hearing, Yagi informed the trial court that he had "two witnesses" from whom he had not "had time to get their complete testimony yet," and orally requested "a delay of discovery to be able to do that."[10] Yagi did not offer a good reason why he had not been able to obtain declarations from his witnesses. Moreover, Yagi failed to inform the court what testimony the witnesses would offer in support of his claim. Absent these grounds, the trial court properly denied Yagi's request for a continuance to conduct discovery. There was no abuse of discretion on this basis.

D.

Yagi challenges the trial court's decision to award attorney fees to the Estate under RCW 11.96A.250. The Estate responds that the court's order contains a

---

[10] In a surreply filed on the morning of the hearing, Yagi identified two witnesses who were purportedly present when Robert made payments on the promissory note. However, the commissioner did not review the surreply.

scrivener's error and refers to RCW 11.96A.250 rather than RCW 11.96A.150(1).[11] We agree that there is a scrivener's error in the order but see no need to remand for correction because the issue is moot.[12]

An issue is moot if "a court can no longer provide effective relief." Orwick v. City of Seattle, 103 Wn.2d 249, 253, 692 P.2d 793 (1984). The Estate concedes that it forfeited its right to attorney fees in the trial court when it did not file a motion within 10 days of entry of the April 1, 2022 order as required by CR 54(d)(2). Thus, we need not further address this challenge.

E.

Finally, Yagi claims that the trial court erred by removing the lis pendens. Because Yagi never appealed this order, the claims he asserts are not properly before us, and we decline to entertain them.

III.

The Estate requests its attorney fees on appeal under RCW 11.96A.150(1) and RAP 18.1(a). TEDRA authorizes this court to "order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but

---

[11] RCW 11.96A.250 concerns the appointment of special representatives for parties in TEDRA actions who are minors, incapacitated without an appointed guardian, yet unborn or unascertained, and whose identity or address is unknown. It does not govern attorney fees awards. RCW 11.96A.150(1), however, gives courts discretionary authority to award attorneys fees in a TEDRA action.

[12] A scrivener's error is a clerical mistake, which if amended, would correctly convey the trial court's intention as expressed in the record at trial. State v. Davis, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). Here, the trial court found that Yagi acted in bad faith by "vastly overstat[ing] the amount due thereby causing [the Estate] to incur attorney fees and costs" to address his claim and court filings. It also found that the Estate was entitled to an award of attorney fees. The record is clear that the court intended to exercise its discretion under RCW 11.96A.150(1). The remedy for a scrivener's error is remand to the trial court for correction. State v. Makekau, 194 Wn. App. 407, 421, 378 P.3d 577 (2016).

need not include whether the litigation benefits the estate or trust involved." RCW 11.96A.150(1). RAP 18.1(a) allows us to award attorney fees on appeal "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review."

We exercise our discretion and grant the Estate's request for attorney fees on appeal, subject to compliance with RAP 18.1(d).

We affirm.

_____
Mann, J.


WE CONCUR:


_____     _____
Chung, J.                                Dwyer, J.